# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00455-CR

**Randall Millslagle, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
### NO. CR-00-0631, HONORABLE GARY L. STEEL, JUDGE PRESIDING

A jury found appellant Randall Millslagle guilty of endangering a child. *See* Tex. Pen. Code Ann. ' 22.041(c) (West Supp. 2002). The district court assessed punishment, enhanced by two previous felony convictions, at imprisonment for fifteen years and a $1500 fine. Finding the evidence legally insufficient to sustain a conviction for endangering a child, we will reverse and render a judgment convicting appellant for leaving a child unattended in a vehicle.

San Marcos Police Officer Kenneth Copeland and other officers were eating dinner at a downtown restaurant when they were approached by a person who reported that a child had been left alone in a pickup truck parked in a lot across the street. Copeland and the other officers went to the truck and found a young boy alone inside, crying. The boy told the officers that his father was Ain the bathroom.@ The child was later identified as appellant=s three-year-old son.

The officers went to the various stores and restaurants in the area, asking if anyone knew the driver of the truck. After what Copeland estimated was thirty minutes, the officers=attention was drawn to the locked men=s restroom in a sandwich shop. Using a spare key, Copeland and another officer entered the bathroom, which was empty. They saw insulation material lying on the floor by the toilet, suggesting that someone had moved a panel in the suspended ceiling and gone up into the ceiling area. Copeland climbed into the ceiling and with his flashlight saw a man hiding in a corner. When Copeland ordered the man to come out, he began to crawl away from the officer and eventually fell through the ceiling into the store manager=s office. Before the officers could get inside the locked office, they heard breaking glass. Officers outside the shop seized appellant as he broke through a plate glass window and tried to run away.

Appellant was agitated and appeared to the officers to be under the influence of a stimulant. Appellant told emergency medical technicians who treated his injuries at the scene, AI=m on meth,@ and told a nurse at the hospital that he had taken crystal methamphetamine. Although no drugs or drug paraphernalia were found on appellant=s person during a search following his arrest, an officer noticed part of a syringe on appellant=s lap at the hospital.

AA person commits an offense if he intentionally, knowingly, recklessly, or with criminal negligence, by act or omission, engages in conduct that places a child younger than 15 years in imminent danger of death, bodily injury, or physical or mental impairment.@ Tex. Pen. Code Ann. ' 22.041(c) (West Supp. 2002).[1] The indictment in this cause alleged that appellant intentionally, knowingly, or recklessly

---

[1] Notwithstanding the phrase Aengages in conduct that,@ section 22.041(c) appears to be a Aresult of conduct@ offense. *See Beggs v. State*, 597 S.W.2d 375, 377 (Tex. Crim. App. 1980) (construing former injury-to-a-child statute). Because the only conduct element that can be the object of all four

placed his son in imminent danger of death, bodily injury, or physical or mental impairment Aby leaving the [child] alone for approximately forty-five minutes in a car, and by having ingested a controlled substance after that period of time.@ The application paragraph in the court=s jury charge tracked the indictment. Appellant contends the State=s proof fails because, under the circumstances shown, his ingestion of methamphetamine did not place the child in imminent danger.

In a legal-sufficiency review, the question is whether, after viewing all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *Griffin v. State*, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981). Appellant assumes that in order to convict, the jury in this cause must have determined beyond a reasonable doubt that ingesting a controlled substance after leaving the child in a vehicle somehow endangered the child. Although the State agrees with appellant=s assumption, it is not necessarily correct. The sufficiency of the evidence is measured by reference to the elements of the offense as defined by a hypothetically correct jury charge for the case.

culpable mental states is Aresult of conduct,@ the inclusion of all four culpable mental states in the definition of the offense is a strong indication that it is a specific result type of crime. *See Alvarado v. State*, 704 S.W.2d 36, 38-39 (Tex. Crim. App. 1985) (construing former injury-to-a-child statute). Further indicating that endangering a child is a specific result offense, section 22.041(c) does not require that the accused=s conduct be of a particular nature or be committed under particular circumstances. Instead, any conduct that places a child in imminent danger is prohibited. *See id.* at 39.

*Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Allegations giving rise to immaterial variances between the indictment and the proof may be disregarded in the hypothetically correct charge. *Gollihar v. State*, 46 S.W.3d 243, 257 (Tex. Crim. App. 2001). A variance is immaterial if the indictment gave the defendant sufficient notice of the charge against him and the defendant would not be open to the risk of reprosecution for the same crime. *Id.* Under *Gollihar*, it is at least arguable that the hypothetically correct charge for this case would permit appellant=s conviction if the evidence showed that appellant placed the child in imminent danger by leaving him alone in the truck *or* by having ingested a controlled substance. We do not decide this question because appellant was not shown to have placed his son in imminent danger by leaving him alone in the pickup truck, or by ingesting methamphetamine, or by doing both.

To be guilty of endangering a child, a person must place the child in *imminent* danger of death, bodily injury, or impairment. AImminent@ means Aready to take place, near at hand, impending, hanging threateningly over one=s head, menacingly near.@ *Elder v. State*, 993 S.W.2d 229, 230 (Tex. App.CSan Antonio 1999, no pet.) (quoting *Devine v. State*, 786 S.W.2d 268, 270 (Tex. Crim. App. 1989)). It is not sufficient that the accused placed the child in a situation that is potentially dangerous. The accused=s conduct must threaten the child with immediate, impending death, bodily injury, or impairment. *See id.* (holding that defendant did not place eight-year-old daughter in imminent danger by permitting man on probation for indecency with child to move into home she shared with her children).

A worker in the sandwich shop noticed the boy Ajumping around@ in the truck ten to fifteen minutes before the police arrived, after which it took the police approximately thirty additional minutes to

**4**

find appellant. The lot in which the truck was parked was near a busy intersection. The truck=s engine was not running, and Officer Copeland did not remember seeing the keys in the ignition. The boy was not restrained in a child seat, or by a seatbelt. This incident took place around 6:30 p.m. on a June afternoon. It was not dark, and there is no evidence that the area was particularly dangerous. We may assume that the weather was warm, but the windows of the truck were open and there is no evidence that the child was overheated. The officer testified that the child was upset, but otherwise appeared to be unharmed by his experience. This evidence, although more than sufficient to show a potentially dangerous situation, does not rationally support a finding beyond a reasonable doubt that the child was in imminent danger of death, bodily injury, or physical or mental impairment during the time he was alone in the pickup truck. Thus, the temporal aspect of the crime is lacking.

That appellant left his child alone in the truck in order to ingest methamphetamine in the sandwich shop=s restroom, however reprehensible, did not place the child in any greater danger. Although appellant=s drug use may have carried with it the potential for danger should he return to the truck and drive away in an intoxicated state, appellant=s drug use did not expose his child to imminent danger so long as appellant remained in the restroom and did not return to his truck.

We hold that the evidence is legally insufficient to support a finding that appellant placed his son in imminent danger of death, bodily injury, or physical or mental impairment. The district court did, however, instruct the jury on the lesser included offense of leaving a child unattended in a vehicle. *See* Tex. Pen. Code Ann. ' 22.10 (West 1994).[2] Because the evidence is legally sufficient to support a conviction

_____

[2] AA person commits an offense if he intentionally or knowingly leaves a child in a motor vehicle

**5**

for the lesser offense, we reverse the judgment of conviction for endangering a child and render a judgment convicting appellant of leaving a child unattended in a vehicle. *See Collier v. State*, 999 S.W.2d 779, 782 (Tex. Crim. App. 1999) (plurality op.) & 784-85 (Keasler, J., concurring).[3]

_____

Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Reversed and Rendered

Filed:   June 27, 2002

Publish

_____

for longer than five minutes, knowing that the child is: (1) younger than seven years of age; and (2) not attended by an individual in the vehicle who is 14 years of age or older.@ Tex. Pen. Code Ann. ' 22.10(a) (West 1994).

[3] Because of our disposition of appellant=s legal sufficiency point, we need not address appellant=s remaining points by which he challenges the factual sufficiency of the evidence and argues that, under the *in pari materia* doctrine, he should have been prosecuted only for leaving a child unattended in a motor vehicle.