NO. 07-01-0441-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 3, 2003

_____

JUAN MORENO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B14036-0104; HONORABLE ED SELF, JUDGE

_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

**MEMORANDUM OPINION**

Upon a plea of not guilty, appellant Juan Moreno was convicted by a jury of endangering a child and punishment was assessed at 270 days confinement in a state jail facility.  Presenting a sole issue, appellant asserts the evidence is legally insufficient to

support his conviction. Based upon the rationale expressed herein, we reverse and enter a judgment of acquittal.

In the early morning hours of April 7, 2001, a police officer observed appellant, who was accompanied by his common law wife, Patricia Trujillo, step in front of a vehicle. He proceeded to check on appellant and detected a strong odor of alcohol on both. After conducting field sobriety tests, he concluded they were intoxicated. Both were arrested and upon being placed in the patrol car, appellant expressed concern for his four children, who were home alone. The oldest child, a 12 year old son, had been left to supervise the remaining three, ages ten, eight, and ten months old, while appellant and Trujillo went to a nearby convenience store for food. After the parents were arrested, two other officers took an uncle of the children to the home to get them. Upon arriving, the children were found sleeping and unharmed. After getting dressed, they left with their uncle.

By a sole issue appellant contends the evidence presented by the State is legally insufficient to support his conviction for endangering a child. We agree. It is a fundamental rule of criminal law that one cannot be convicted of a crime unless it is shown beyond a reasonable doubt that the defendant committed each element of the alleged offense. U.S. Const. amend. XIV; Tex. Code Crim. Proc. Ann. art. 38.03 (Vernon Supp. 2003); Tex. Pen. Code Ann. § 2.01 (Vernon 1994). In conducting a legal sufficiency review, we must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the

crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); Geesa v. State, 820 S.W.2d 154, 157 (Tex.Cr.App. 1991), *overruled on other grounds*, Paulson v. State, 28 S.W.3d 570, 573 (Tex.Cr.App. 2000).  As an appellate court, we may not sit as a thirteenth juror, but must uphold the jury's verdict unless it is irrational or unsupported by more than a mere modicum of evidence.  Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988).

A person commits the offense of endangering a child if he intentionally, knowingly, recklessly, or with criminal negligence, by act or omission, engages in conduct that places a child younger than 15 years of age in imminent danger of death, bodily injury, or physical impairment. Tex. Pen. Code Ann. § 22.041 (Vernon Supp. 2003).  Imminent means "ready to take place, near at hand, impending, hanging threateningly over one's head, menacingly near."  Devine v. State, 786 S.W.2d 268, 270 (Tex.Cr.App. 1989); *see also* Millslagle v. State, 81 S.W.3d 895, 898) (Tex.App.–Austin 2002, pet. ref'd).  It is not sufficient that the accused placed the child in a potentially dangerous situation.  *Millslagle*, 81 S.W.3d at 898; *see also* Broussard v. State, 827 S.W.2d 619, 622 (Tex.App.–Corpus Christi 1992, no pet.) (holding that the possibility of harm is not imminent risk in an involuntary commitment case).

Appellant was indicted for acting with criminal negligence by omission in leaving his 10 month old daughter without adequate supervision.   A person acts with criminal negligence with respect to circumstances surrounding his conduct or the result of his

conduct when he ought to be aware of a substantial and unjustifiable risk that the circumstances exist or the result will occur. Tex. Pen. Code Ann. § 6.03(d) (Vernon 2003); *see also* Lewis v. State, 529 S.W.2d 550, 553 (Tex.Cr.App. 1975) (noting that criminal negligence involves inattentive risk creation).

The State presented evidence from three police officers and Trujillo. Officer Kernell testified that at approximately 12:00 a.m., he observed appellant and Trujillo step in front of a moving vehicle and stopped to check on them. After conducting field sobriety tests, he concluded they were both intoxicated and arrested them. According to Kernell, following his arrest, appellant became worried about his four children. Officers Sanchez and Morris, who had arrived to assist Kernell, proceeded to appellant's house, accompanied by an uncle of the children, to check on them.

Morris testified that when he and Sanchez arrived at appellant's house, they knocked on the door and one of the children let them in. He and Sanchez both testified the children were asleep on wooden floors. Sanchez described the house as being in "bad" condition, *i.e.,* dirty dishes, cockroaches, and piles of clothes everywhere. He claimed the ten month old was wearing only a diaper. Morris testified the house was unclean and there were signs of possible construction. On cross-examination, he conceded the children were uninjured.

Trujillo testified that when she and appellant went to the convenience store, the 12 year old and ten month old were on the couch and her other two children were asleep in

4

their beds. She believed her 12 year old son could adequately supervise her ten month old daughter while she and appellant went to the store. She also explained that although she did not believe she had done anything wrong in leaving her 12 year old in charge of his siblings, she nevertheless plead guilty to child endangerment to avoid a trial.

The defense presented the testimony of the 12 year old who testified that when his parents left home at approximately 10:30 p.m., he and his ten month old sister were in the living room on the couch. He was watching television and she was asleep next to him. His brother and other sister were asleep in their beds. He testified he could care for his baby sister and knew what to do in case of an emergency. He further testified he knew "a little bit about CPR" and had been instructed in school on what to do in case of fire.

Citing Elder v. State, 993 S.W.2d 229, 230 (Tex.App.–San Antonio 1999, no pet.), the State recognizes that imminent means ready to take place, near at hand, impending, hanging threateningly over one's head, menacingly near. Nevertheless, it contends that appellant's conduct in leaving his ten month old daughter at home without adult supervision placed her in imminent danger. The State concludes the evidence is sufficient to support appellant's conviction because the infant was left alone and helpless in a dangerous environment infested by cockroaches with an "imminent possibility" that she could have been injured. However, the infant was not left alone, but was under the care of her 12 year old brother whom the evidence established was responsible. Moreover, the State cites no authority and we have found none holding that an unclean environment, sleeping on

5

wooden floors, or the presence of cockroaches presents imminent danger. As noted in *Millslagle*, placing a child in a potentially dangerous situation is insufficient to support a conviction for endangering a child. 81 S.W.3d at 898.

By Trujillo's testimony, the State attempted to prove that appellant was a party to her crime of endangering her infant daughter by leaving her under the care of her 12 year old son. However, neither her testimony nor that of the three officers established that appellant was guilty of endangering a child with criminal negligence, *i.e.*, creating an inattentive risk. The State cites no authority holding that a parent commits the offense of endangerment of a child when a parent allows a 12 year old to be in charge of his younger siblings absent other evidence of a "substantial and unjustifiable risk" that imminent danger of death, bodily injury, or physical impairment could result. Viewing the evidence in the light most favorable to the prosecution, we conclude no rational trier of fact could have found the essential elements of endangering a child beyond a reasonable doubt. Appellant's sole issue is sustained.

Accordingly, the judgment of the trial court is reversed and judgment of acquittal is hereby rendered.

Don H. Reavis
Justice

Do not publish.

6