COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 




 
 
  
 RUDY
 ANGUIANO,
  
                             Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                             Appellee.
 
 
  
 '
  
 '
  
 '
  
 '
  
 '
 
 
  
 No. 08-02-00443-CR
  
 Appeal from the
  
 210th District Court 
  
 of El Paso County, Texas
  
 (TC#20020D01553)
 
 
 
 
  
  
 
 
  
  
 
 
  
  
 
 




MEMORANDUM
OPINION

Rudy Anguiano appeals his conviction,
following a bench trial, for endangering a child, for which he received a
two-year state jail sentence.  His sole
point of error challenges the legal sufficiency of the evidence to sustain the
conviction.  We affirm.

Facts








Midmorning on March 3, 2002,
firefighters responded to a call that a car had crashed against the curb in the
1300 block of Overland in Central El Paso. 
Officer Matthew Roddam saw Anguiano in the drivers= seat, apparently passed out, and a
young child strapped into a car seat in the passenger seat of the car.  Roddam testified that the child appeared to
be reaching for a syringe that was more than half full of a clear substance and
was located about eight to ten inches away from the child.  The needle on the syringe was not
covered.  The child was not crying
or  otherwise injured.  Anguiano smelled of alcohol and had needle
marks on his arm.  He was originally
charged with endangering a child and possession of heroin, but the heroin
charge was dropped because the State=s testing lab determined there was
not enough liquid present in the syringe to allow for testing.  At trial, Roddam testified that he and his
partner awakened Anguiano and removed the baby from the car.  The child=s mother testified the child was born
April 24, 2001.  The trial court found
Anguiano guilty of endangering a child, and sentenced him to two years in a
state jail facility.

Sufficiency of the Evidence

Anguiano challenges the sufficiency
of the evidence to convict him of the charged offense, and asks this Court to
render a judgment of not guilty.  He
alleges his son was not in imminent danger of bodily injury, that the danger
was only potential.








Procedurally, Anguiano makes a
sufficiency of the evidence challenge, which Texas courts interpret as a legal
sufficiency challenge.  Davila v.
State, 930 S.W.2d 641, 648 (Tex. App.--El Paso 1996, pet. ref=d). 
In order to ascertain whether any rational trier of fact could have
found the elements of the offense beyond a reasonable doubt, this Court reviews
legal sufficiency in the light most favorable to the verdict.  Jackson v. Virginia, 443 U.S. 307,
318-19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); Geesa v. State, 820
S.W.2d 154, 159 (Tex. Crim. App. 1991), overruled on other grounds, Paulson
v. State, 28 S.W.3d 570 (Tex. Crim. App. 2000).  Anguiano was found guilty of placing his son
in imminent danger of bodily harm.  Tex. Penal Code Ann. ' 22.041(c) (Vernon  2003). 
Anguiano asserts that although a syringe near a child is a potentially
dangerous situation, it does not support a finding of imminent danger.  He points to the fact that although the child
was reaching for the syringe, it was eight to ten inches away.  He says the testimony of Roddam was not
enough to establish imminent danger.  The
State responds by detailing all the possible bodily injuries the child could
have suffered had he actually gotten hold of the syringe, including poisoning
by whatever substance may have been in the syringe.








Anguiano relies on Millslagle v.
State, 81 S.W.3d 895, 898 (Tex. App.--Austin 2002, pet. ref=d) for the notion that potential
danger is not enough to support the finding against him.  In that case, the father of a child was
charged with endangerment when he left the child in a locked car while
ingesting drugs in a nearby bathroom.  The
court held it is not enough that the child was in a potentially dangerous situation,
but the conduct must threaten the child with immediate, impending death, bodily
injury, or impairment. Id. at 898. 
Taking Millslagle into account, we find it is enough that the
child was reaching for the exposed syringe and that the syringe was within his
reach.  We note the court did not say
that death, bodily injury, or impairment must actually occur, but only that it
be immediate and impending.  The State
established as much with Roddam=s testimony.  We hold
the child was in imminent danger of suffering bodily injury, when viewed in the
light most favorable to the verdict. 
Appellant=s sole point of error is overruled.

 Conclusion

Having overruled Anguiano=s sole point of error, we affirm the
judgment of the trial court.

 

SUSAN
LARSEN, Justice

January 29, 2004

 

Before Panel No. 1

Larsen, McClure, and Chew,
JJ.

 

(Do Not Publish)