Opinion issued on July 1, 2004           









     




In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00685-CR




THEODORE EDWARD MOODY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 23rd District Court
Brazoria County, Texas
Trial Court Cause No. 43,910 (Counts One and Two)




MEMORANDUM OPINION 
          A jury found appellant, Theodore Edward Moody, guilty of two separate
offenses of child endangerment and assessed punishment at two years’ confinement
in state jail. In two issues, appellant contends that the evidence was legally and
factually insufficient to support his conviction on both counts. We agree that the
evidence was not legally sufficient, we reverse his conviction as to both offenses, and
we render a judgment of acquittal. 
Background
          A Brazoria County grand jury issued a true bill of indictment alleging, in two
counts, that appellant had committed two separate offenses of child endangerment. 
In count one, the grand jury accused appellant of intentionally, knowingly, recklessly,
and with criminal negligence, by act and omission, engaging in conduct that placed
his three-year-old son in imminent danger of bodily injury and physical and mental
impairment by allowing him to be left unsupervised and by failing to provide
adequate clothing, physical care, and a sanitary home environment. In count two, the
grand jury accused appellant of the same conduct in regard to his two-year-old
daughter. 
Legal Sufficiency
Standard of Review
          When evaluating the legal sufficiency of the evidence, we view the evidence
in the light most favorable to the jury’s verdict, and we determine whether any
rational trier of fact could have found the essential elements of the offense beyond a
reasonable doubt. Swearingen v. State, 101 S.W.3d 89, 95 (Tex. Crim. App. 2003).           At trial, the State’s witnesses testified that appellant had failed to (1)
adequately supervise the children and (2) to provide the children with adequate
clothing, physical care, and a sanitary home environment. The State argues that the
testimony from these witnesses is legally sufficient evidence to support appellant’s
conviction on counts one and two of child endangerment. We disagree.
          A person commits the offense of child endangerment “if he intentionally,
knowingly, recklessly, or with criminal negligence, by act or omission, engages in
conduct that places a child younger than 15 years in imminent danger of death, bodily
injury, or physical or mental impairment.” Tex. Pen. Code Ann. § 22.041(c)
(Vernon Supp. 2004) (emphasis added). “Imminent” means “ready to take place, near
at hand, impending, hanging threateningly over one’s head, menacingly near.” See
Devine v. State, 786 S.W.2d 268, 270 (Tex. Crim. App. 1989). It is not sufficient that
an accused place a child in a situation that is potentially dangerous. Millslagle v.
State, 81 S.W.3d 895, 898 (Tex. App.—Austin 2002, pet. ref’d) (holding that 
defendant did not place child in danger by leaving child in locked car unattended
while defendant was ingesting narcotics in nearby bathroom). The accused’s conduct
must threaten the child with immediate, impending death, bodily injury, or
impairment. See Elder v. State, 993 S.W.2d 229, 230 (Tex. App.—San Antonio 1999,
no pet.) (holding that defendant did not place her eight-year-old daughter in imminent
danger by permitting man on probation for indecency with a child to move into their
home). 
          In this case, the witnesses’ testimony was insufficient to establish that
appellant’s conduct threatened either child with immediate, impending death, bodily
injury, or impairment. At best, the testimony established that appellant’s conduct
placed the children in potentially dangerous situations. However, such proof is
legally insufficient to support appellant’s conviction for two counts of child
endangerment. 
Inadequate Supervision
          Appellant’s neighbors testified that his children usually walked around,
unsupervised, near and in the private, gravel road that connects 13 houses. The
gravel road intersects County Road 289, which then intersects FM 1459. Appellant’s
house was described as “right on” County Road 289, which is a “busy” road that has
a speed limit of 45 miles per hour (mph). The house is located a quarter mile from
FM 1459, which has a posted speed limit of 65 mph. One neighbor “always” saw the
children unsupervised and saw them playing near her house, which was located on
the gravel road, eight houses away from appellant’s home. Another neighbor testified
that, once, when he found appellant’s son near his house and returned the child to
appellant’s house, no one had answered the door. 
          The State argues that this testimony establishes that the children were in
imminent danger of being hit by a passing car. However, no witnesses testified that
they saw the children playing near or in County Road 289. The evidence reflects that
the children played near or in their house, their neighbors’ houses, or the gravel road. 
The witnesses also could not tell whether appellant or someone else watched the
children from inside the house when they were seen in the yard or on the gravel road. 
Finally, there was no evidence presented regarding whether the children were ever
observed on the gravel road at a time when cars were passing by, the frequency with
which cars passed by on the gravel road, the speed of passing cars on the gravel road,
or any other evidence establishing that the children had been in immediate danger of
being hit by a passing car, as opposed to being in a potentially dangerous situation. 
Inadequate Clothing, Physical Care, and Unsanitary Home
          Several neighbors testified that they observed the children walking outside,
dressed only in diapers, even in cooler months. One neighbor testified that, once, he
saw appellant’s son wearing only diapers when the temperature was 50 degrees
fahrenheit. Another neighbor testified that she always saw the children in soiled,
sagging diapers. 
          Several witnesses also described appellant’s home as “dirty,” “cluttered,”
“nasty,” and “unsanitary.” The floors were described as dirty, with piles of trash and
dirty diapers. Witnesses testified that nothing in the house was in any type of order, 
the house smelled bad, and the front yard contained “junk” cars. 
          The State, relying on the holding in Contreras v. State, 54 S.W.3d 898 (Tex.
App.—Corpus Christi, no pet.), argues that the above testimony is legally sufficient
to establish that the children were in imminent danger of contracting a serious disease
or illness and, therefore, supports a conviction for child endangerment. We disagree.
          The State’s reliance on Contreras for the proposition that the testimony in this
case was legally sufficient to support a claim for child endangerment is misplaced. 
In Contreras, the State charged the defendant with endangering her child by failing
to provide adequate nourishment. Id. at 901–02. The evidence revealed that the child
had endured physical problems caused by chronic malnourishment and that she was
well below the average weight and height for a child her age. Id. As a result, the
court found that the child was in imminent danger of starving to death and that the
testimony was sufficient to support a conviction for child endangerment. Id. at 902. 
            In this case, unlike Contreras, the State did not present any evidence that the
condition of appellant’s home or the children’s clothing and physical care caused
them to have any immediate health problems. There was no testimony presented that,
as a result of these conditions, the children were chronically ill, had developed
symptoms of a disease or illness, or were in imminent danger of developing a disease
or illness. Accordingly, the State failed to establish that appellant’s conduct had
placed the children in immediate or impending danger of contracting a disease or
illness or enduring physical injuries.


 
          For these reasons, we sustain appellant’s first issue, and we need not address
his remaining issue challenging the factual sufficiency of the evidence. 
  Conclusion
          We reverse the judgment of the trial court, and we render judgment that 
appellant be acquitted of his conviction on counts one and two.                        
 

 
                                                             George C. Hanks, Jr.
                                                             Justice
 
Panel consists of Justices Taft, Jennings, and Hanks.
 
Do not publish. Tex. R. App. P. 47.2(b).