Opinion filed July 13, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed July 13, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-04-00201-CR 

                                                    __________

 

                              GILES SAMUEL MEDEARIS, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 385th District Court

 

                                                        Midland
County, Texas

 

                                                 Trial
Court Cause No. CR29220

 



 

                                                                   O
P I N I O N

 

The jury convicted Giles Samuel Medearis of two
counts of endangering a child.  The trial
court assessed punishment for each count at confinement in a state jail
facility for 180 days, but it suspended the imposition of the sentence and
placed appellant on community supervision for one year.  We reverse and acquit.  

Appellant presents three issues for review.  In the first, he contends that the trial
court erred by denying his motion for instructed verdict.  In the second and third issues, appellant
challenges the legal and factual sufficiency of the evidence.  








The standard for reviewing a challenge to the
denial of a motion for instructed verdict is the same as that for a legal
sufficiency challenge.  Williams v.
State, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996).  In order to determine if the evidence is
legally sufficient, we must review all of the evidence in the light most
favorable to the verdict and determine whether any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307
(1979); Jackson v. State, 17 S.W.3d 664 (Tex. Crim. App. 2000).  In order to determine if the evidence is
factually sufficient, we must review all of the evidence in a neutral light and
determine whether the evidence supporting guilt is so weak that the verdict is
clearly wrong and manifestly unjust or whether the evidence contrary to the
verdict is so strong that the beyond-a-reasonable-doubt burden of proof could
not have been met.  Zuniga v. State,
144 S.W.3d 477 (Tex. Crim. App. 2004); Ross v. State, 133 S.W.3d 618
(Tex. Crim. App. 2004); Vasquez v. State, 67 S.W.3d 229, 236 (Tex. Crim.
App. 2002); Cain v. State, 958 S.W.2d 404 (Tex. Crim. App. 1997); Clewis
v. State, 922 S.W.2d 126 (Tex. Crim. App. 1996).  

Appellant=s
arguments in all three issues center around the lack of evidence of imminent
danger.  Tex. Pen. Code Ann. '
22.041(c) (Vernon Supp. 2005) provides that a person commits the offense of
endangering a child Aif
he intentionally, knowingly, recklessly, or with criminal negligence, by act or
omission, engages in conduct that places a child younger than 15 years in
imminent danger of death, bodily injury, or physical or mental impairment.@ 
AImminent@ has been defined as Aready to take place, near at hand,
impending, hanging threateningly over one=s
head, menacingly near . . . near at hand; mediate rather than immediate; close
rather than touching; impending; on the point of happening; threatening;
menacing; perilous.@  See Devine v. State, 786 S.W.2d 268,
270 (Tex. Crim. App. 1989) (citing various authorities including Black=s Law Dictionary 676 (5th ed.
1979)).  Black=s
Law Dictionary no longer provides a definition for imminent, but it defines Aimminent danger@
as follows:  A1.
An immediate, real threat to one=s
safety that justifies the use of force in self-defense.  2. Criminal law. The danger resulting
from an immediate threatened injury sufficient to cause a reasonable and
prudent person to defend himself or herself.@  Black=s Law Dictionary (8th ed. 2004).  








The record in this case shows that appellant=s two young children, ages two and four
were in the front yard of appellant=s
residence.  The residence is located in a
residential area, and the front yard is adjacent to the street.  The front yard had no fence.  A neighbor noticed that the children were
unsupervised and were trying unsuccessfully to get back into the house.  The children were yelling and crying, but
they were not hurt.  According to the
neighbor, the children had been outside that evening for more than an
hour.  The neighbor went to check on the
children and found the screen door locked. 
The neighbor knocked on the door, but nobody answered.  She then called the police.            Officer
Anthony Wayne Shupp arrived shortly thereafter. 
After speaking to the children and their neighbor, Officer Shupp knocked
loudly on the front door with his metal flashlight.  Appellant finally answered the door.  He had been asleep and did not realize that
the children were outside. Appellant was the only adult home and admitted that
he was responsible for his children. 
Officer Shupp testified that circumstances surrounding the situation
were dangerous because, if the children had wandered into the street, they
could have been hit by a passing car. 
The officer explained that the lighting was poor, that there was some
traffic on the street even though it was a residential street, and that the
road curved near appellant=s
residence.








We hold that, although the evidence may show that
appellant was not adequately tending to his children and that the situation was
potentially dangerous, the evidence is legally insufficient to show that the
children were in imminent danger.  The
weather was not extreme; it was seventy-four degrees outside.  The children were not in the street.  The testimony did not even show that the
children were near the street.  Nothing
in the record shows any impending danger to the children.  See Millslagle v. State, 81
S.W.3d 895 (Tex. App.CAustin
2002, pet. ref=d)
(reversing conviction for lack of evidence of imminent danger); see also
Moody v. State, No. 01-03-00685-CR, 2004 WL 1472216 (Tex. App.CHouston [1st Dist.] July 1, 2004, no
pet.) (not designated for publication) (where court held under facts similar to
those in this case that there was no evidence of imminent danger).  But see Harrist v. State, No.
11-01-00093-CR, 2002 WL 32344342 (Tex. App.CEastland
March 28, 2002, pet. struck) (not designated for publication) (where we held
that the evidence was sufficient to show imminent danger when a six-year-old
child with Down=s
syndrome (1) crossed a busy street twice while appellant slept and (2) was
exposed to open knives, syringes, and pill bottles).  While we do not approve of appellant=s conduct, the evidence in the present
case showed a potentially dangerous situation, but it did not reach to the
level of imminent danger.  See
Millslagle, 81 S.W.3d at 898. 
Consequently, we sustain appellant=s
first and second issues and need not address the third issue.  

The judgments of the trial court are reversed, and
we render a judgment of acquittal in each count.

 

JIM R. WRIGHT

CHIEF JUSTICE

 

July 13, 2006

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J., and

McCall, J., and Strange, J.