In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-028 CR


____________________



JAY PAUL HEAD, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 163rd District Court 


Orange County, Texas


Trial Cause No. B 030701-R






MEMORANDUM OPINION


 A jury convicted appellant Jay Paul Head of three counts of child endangerment by
driving while intoxicated, and the trial court sentenced him to two years of confinement in
a state jail facility. See Tex. Pen. Code Ann. § 22.041(b), (c) (Vernon Supp. 2006). In this
appeal, Head contends the evidence was legally and factually insufficient to support his
conviction. We affirm. 


The Evidence


 Officer Robert Arnold of the Orange Police Department testified that on August 3,
2003, he was employed as a trooper for the Texas Department of Public Safety. At
approximately midnight on that date, Officer Arnold was traveling south on Highway 87 near
Bluebonnet Street when he observed a northbound vehicle traveling at seventy-five miles per
hour in an area where the posted speed limit was forty-five miles per hour. Officer Arnold
initiated a traffic stop. As Officer Arnold approached, he observed three children and an
adult female inside the vehicle, and Head was at the wheel. All three children were under
fifteen years of age. 

 When Officer Arnold began speaking to Head, he noticed the odor of an alcoholic
beverage on Head's breath and two open beer cans in the front console of the vehicle. 
Officer Arnold also noticed that Head's eyes were red and glassy, and Head seemed unsteady
on his feet. Furthermore, Officer Arnold observed that Head slurred his speech, and Head
told Officer Arnold he had consumed six beers that day. Officer Arnold also noticed that
Head was disoriented. At that point, Officer Arnold decided to conduct field sobriety tests, 
so he asked Head to perform the horizontal gaze nystagmus, walk and turn, and the one-leg
stand tests. 

 During the horizontal gaze nystagmus test, both of Head's eyes showed involuntary
jerking, lack of smooth pursuit, and nystagmus prior to forty-five degrees. When Officer
Arnold administered the walk and turn test, Head did not perform the turn properly, but
presented no other signs of intoxication. When Officer Arnold administered the one-leg
stand test, Head swayed while balancing and could not properly hold up his foot. Officer
Arnold also asked Head to blow into a portable intoxylizer, and the results exceeded the legal
limit. Based upon Head's performance during the field sobriety tests, Officer Arnold felt that
Head had "loss of both his mental and physical skills," and he placed Head under arrest. Officer Arnold testified that Head was driving while intoxicated, and Head thereby
placed the three children in imminent danger of death, bodily injury, or physical or mental
impairment. When Head arrived at the intoxylizer room of the Orange County Jail, he
refused to provide a breath sample and refused to participate in sobriety tests. Officer Arnold
made a videotape of Head in the intoxylizer room, and the State introduced the videotape into
evidence at trial. Officer Arnold testified that he was unable to produce the videotape of the
traffic stop because "there was a discrepancy between DPS and the District Attorney's Office
on how many tapes we should submit." 

 Officer David Vaughn, a patrol officer with the Orange Police Department, testified
that he saw Officer Arnold conducting a traffic stop of Head and stopped to render
assistance. Officer Vaughn saw three children, ages seven, four, and four months, in the
back seat of Head's vehicle, and he saw beer inside the vehicle. Officer Vaughn noticed that
Head swayed back and forth, Head's speech was slurred, and Head's breath smelled strongly
of an alcoholic beverage. Officer Vaughn also believed Head "really didn't know where he
was at." Officer Vaughn was not present when Officer Arnold administered the field
sobriety tests to Head. Officer Vaughn testified that he believed Head was intoxicated and
had lost the normal use of his mental or physical faculties. Officer Vaughn further testified
that Head placed the three children in imminent danger of death, bodily injury, or physical
or mental impairment. 

 Head testified that on the night Officer Arnold pulled him over, he was returning to
Vidor after spending the day at Crystal Beach. Head decided to return home rather than
spend the night at the beach because one of the children had fever. According to Head, he
was sitting at a red light when he realized he was going to be stopped by the authorities. 
After Head parked his vehicle, Officer Arnold told him to exit the van, and Head walked over
to the officer's car. Head told Officer Arnold that he had consumed "a few beers." 
According to Head, Officer Arnold "asked me if I would do a field sobriety test, because I
admitted that I had drank a couple of beers that day." Officer Arnold then administered the
horizontal gaze nystagmus, the one-legged stand, and the walk and return tests. Head
testified that he was barefoot, and he stepped on a pebble during the one-legged stand test. 
Head further testified that it was difficult for him to speak clearly because he was missing
several of his upper teeth. 


Standards of Review


 In reviewing an issue of legal sufficiency, an appellate court views the evidence in
the light most favorable to the verdict to determine whether a rational fact finder could
have found each element of the offense beyond a reasonable doubt. Swearingen v. State,
101 S.W.3d 89, 95 (Tex. Crim. App. 2003)(citing Jackson v. Virginia, 443 U.S. 307,
319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)); Conner v. State, 67 S.W.3d 192, 197 (Tex.
Crim. App. 2001). When addressing an issue of factual sufficiency, the appellate court
asks whether "a neutral review of all the evidence, both for and against the finding,
demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the
jury's determination, or the proof of guilt, although adequate if taken alone, is greatly
outweighed by contrary proof." Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App.
2000); see also King v. State, 29 S.W.3d 556, 563 (Tex. Crim. App. 2000). An appellate
court "must give due deference to the fact finder's determinations concerning the weight
and credibility of the evidence and will reverse the fact finder's determination only to
arrest the occurrence of a manifest injustice." Swearingen, 101 S.W.3d at 97. When
reviewing the sufficiency of the evidence after a jury trial, we consider all of the evidence
presented, whether properly or improperly admitted. Rodriguez v. State, 819 S.W.2d 871,
873 (Tex. Crim. App. 1991). It is the sole province of the jury to determine the credibility
of witnesses and to weigh contradictory testimony. Tex. Code Crim. Proc. Ann. art.
38.04 (Vernon 1979); Cain v. State, 958 S.W.2d 404, 408-09 (Tex. Crim. App. 1997). 

Analysis


 Officer Arnold testified that Head was driving a vehicle at an excessive rate of speed
in which three children under the age of fifteen were passengers. Officer Arnold also
testified that when he stopped Head, he noticed that Head's breath smelled of an alcoholic
beverage, Head's eyes were red and glassy, Head's speech was slurred, Head seemed
unsteady on his feet, and Head seemed disoriented. Officer Arnold also saw beer containers
in the vehicle. Head told Officer Arnold that he had consumed six beers. When Officer
Arnold conducted field sobriety tests, Head showed several signs of intoxication, and when
Head blew into a portable breath testing machine, the results exceeded the legal limit. 
Officer Arnold testified that Head was driving while intoxicated, Head's mental and physical
skills were impaired, and Head thereby placed the three children in imminent danger of
death, bodily injury, or physical or mental impairment. 

 Officer Vaughn testified that Head swayed back and forth, Head's speech was slurred,
Head's breath smelled of an alcoholic beverage, and Head appeared to be disoriented. 
Officer Vaughn also saw beer in the vehicle. Furthermore, Officer Vaughn testified that he
believed Head was intoxicated, had lost the normal use of his mental or physical faculties,
and had placed the three children in imminent danger of death, bodily injury, or physical or
mental impairment. 

 Viewing the record in the light most favorable to the verdict, a rational jury could
have concluded beyond a reasonable doubt that Head was driving while intoxicated, and that
his conduct of driving at an excessive rate of speed while intoxicated endangered the three
children who were passengers in Head's vehicle. The evidence is legally sufficient to
support the verdict. Furthermore, a neutral review of the entire record does not demonstrate
that the proof of guilt is so obviously weak as to undermine confidence in the jury's
determination, nor does it demonstrate that the proof of guilt is greatly outweighed by
contrary proof. The evidence is factually sufficient to support the verdict. We overrule
Head's sole issue and affirm the trial court's judgment. 

 AFFIRMED.

 __________________________________

 CHARLES KREGER

 Justice


Submitted on October 26, 2006

Opinion Delivered December 20, 2006

Do not publish


Before Gaultney, Kreger and Horton, JJ.

DISSENTING OPINION


 The evidence in this case does not show that the children were injured or that the
children were in imminent danger of injury despite the fact that Head, while under the
influence of alcohol, drove at a speed of seventy-five miles per hour in a forty-five miles per
hour zone around midnight while in light traffic. The arresting officer testified that Head's
speeding was the sole reason that he was stopped. Except for speeding, there was no
testimony that Head drove erratically, was about to collide with any fixed or moving object,
had nearly rear-ended any vehicle traveling in his lane, or had swerved or appeared about to
swerve from the traveled portion of the roadway. The arresting officer testified that Head
would not have been arrested had he not been intoxicated. Nevertheless, the State converts
a straight-forward misdemeanor driving-under-the-influence case to one that carries the
penalty of a state jail felony merely because children occupied Head's vehicle. (1) 

 In my opinion, based upon the evidence at the trial, Head's conduct was unlikely to
result in injuries to any of the children absent evidence that his intoxication caused him to
drive in a manner that, under the driving conditions at the time, made an accident imminent.
Speeding while intoxicated with children in the car is unjustifiable and is now a State jail
felony. However, the child endangerment statute under which Head was charged, in my
opinion, requires that a conviction be based on proof of more than a potential danger. The
danger must be imminent. While the proof of the imminence of the danger might be made
with statistical evidence regarding the increased risk of driving while intoxicated, there was
no statistical data offered at Head's trial.

 The statute in issue, Section 22.041, requires that the State prove that the children
were placed in imminent danger, but does not define the term "imminent." Tex. Pen. Code
Ann. § 22.041(c)(Vernon 2003). "Imminent" is defined as: "ready to take place : near at
hand : IMPENDING . . . : hanging threateningly over one's head : menacingly near . . . ." 
Webster's Third New International Dictionary 1130 (2002); see also Elder v. State,
993 S.W.2d 229, 230 (Tex. App.-San Antonio 1999, no pet.) (quoting Devine v. State, 786
S.W.2d 268, 270 (Tex. Crim. App. 1989)). Driving under the influence of alcohol coupled
with evidence of an imminent collision would be sufficient proof, but there is no such proof
in this case. 

 The evidence of an imminent collision must be proven beyond a reasonable doubt by
evidence, and a case where there is only an inference that driving under the influence or
speeding generally increases the risk of an accident is, in my opinion, insufficient to meet the
State's burden. See generally Millslagle v. State, 81 S.W.3d 895 (Tex. App.-Austin 2002,
pet. ref'd) (holding that drug ingestion and intoxication standing alone were insufficient
evidence of imminent danger under this provision). Since in this case the State failed to
prove beyond a reasonable doubt that the danger of injuring the children was imminent, I 
would reverse Head's convictions. Because the majority holds otherwise, I dissent.


 ___________________________

 HOLLIS HORTON

 Justice


Dissent Delivered

December 20, 2006
1. Head's offense occurred on August 3, 2003, prior to the enactment of Section
49.045 of the Penal Code. Tex. Pen. Code Ann. § 49.045 (Vernon Supp. 2006). 
Section 49.045 made driving while intoxicated with a child as a passenger a state jail
felony. If the majority is correct, the new provision was unnecessary as the State could
have prosecuted any driving while intoxicated where a child was a passenger under
Section 22.041(c) of the Penal Code. Compare Tex. Pen. Code Ann. § 22.041(c) with 
Tex. Pen. Code Ann. § 49.045.