NOS. 07-09-0176-CR, 07-09-0177-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 26, 2009
______________________________

JOSE LUIS PRADO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 55,938-A, 55,939-A; HONORABLE HAL MINER, JUDGE
_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
ON MOTION TO DISMISS
Â Â Â Â Â Â Â Â Â Â Appellant, Jose Luis Prado, filed Notice of Appeal to appeal a judgment convicting
him of two charges of manufacture and delivery of a controlled substance entered against
him in the 47th District Court of Potter County, Texas. However, appellant has now filed 
motions to dismiss the appeals.
Â Â Â Â Â Â Â Â Â Â Because the motions meet the requirements of Texas Rule of Appellate Procedure
42.2(a) and this Court has not delivered its decision prior to receiving them, the motions
are hereby granted and the appeals are dismissed. Having dismissed the appeals at
appellantâs request, no motions for rehearing will be entertained and our mandates will
issue.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Mackey K. Hancock

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice







Do not publish. 



 of guilt is so obviously weak as to undermine
confidence in the fact finder's determination, or the proof of guilt, although adequate if
taken alone, is greatly outweighed by contrary proof. Clewis, 922 S.W.2d at 133; see also
Johnson v. State, 23 S.W.3d 1, 11 (Tex.Cr.App. 2000) (adopting complete civil factual
sufficiency formulation), and King v. State, 29 S.W.3d 556, 563 (Tex.Cr.App. 2000). 

 Before determining whether the evidence is legally sufficient to sustain the
conviction, we must review the essential elements the State was required to prove. A
person commits the offense of endangering a child if he intentionally, knowingly, recklessly,
or with criminal negligence, by act or omission, engages in conduct that places a child
younger than 15 years of age in imminent danger of death, bodily injury, or physical
impairment. Tex. Pen. Code Ann. § 22.041 (Vernon Supp. 2003). Imminent means "ready
to take place, near at hand, impending, hanging threateningly over one's head, menacingly
near." Devine v. State, 786 S.W.2d 268, 270 (Tex.Cr.App. 1989); see also Millslagle v.
State, 81 S.W.3d 895, 898 (Tex.App.-Austin 2002, pet. ref'd). It is not sufficient that the
accused placed the child in a potentially dangerous situation. Millslagle, 81 S.W.3d at 898;
see also Broussard v. State, 827 S.W.2d 619, 622 (Tex.App.-Corpus Christi 1992, no pet.)
(holding that the possibility of harm is not imminent risk in an involuntary commitment
case).

 In Millslagle, the defendant father was charged with leaving his three-year old son
unattended in a truck in a parking lot for 45 minutes while he was in the restroom of a
sandwich shop ingesting narcotics. 81 S.W.3d at 896. The evidence showed that the
child, although upset and crying, did not suffer harm from the experience. Id. at 898. The
truck's engine was not running, it was not dark, the windows of the truck were open and
the child was not overheated, and there was no evidence that he was left in a dangerous
area. Id. The Austin Court concluded that although the evidence showed a potentially
dangerous situation, it did not support a finding beyond a reasonable doubt that the child
was in imminent danger of death, bodily injury, or physical or mental impairment. Id.

 Appellant was indicted for leaving his ten month old daughter without adequate
supervision. The police officers testified that when they arrived at appellant's home they
found all four children asleep, the ten month old and another sibling on the bedroom floor
and the two remaining siblings on the living room floor. The evidence is contradictory
regarding whether the children were sleeping on the floor or in their beds. One of the
officers testified that the children were not injured. 

 The children's mother testified that she and appellant left the children under the care
of their 12 year old son while they went to a convenience store to get food. The 12 year
old also testified that he could adequately care for his baby sister and knew what to do in
case of an emergency. Although cross-examined by the State regarding how he would
have reacted had there been a fire, he explained that he had an exit plan. He further
testified that he had learned CPR in school. The uncle who picked up the children the
night they were found alone did not testify. Based on the foregoing evidence, we cannot
conclude that this appeal is frivolous. 

 Having found an arguable ground for appeal, this Court must ensure appellant's
right to counsel by permitting appellant's present counsel to withdraw and requiring the
appointment of new counsel to rebrief whether the evidence is legally and factually
sufficient to establish that appellant acted with criminal negligence by engaging in conduct
that placed his ten month old daughter in imminent danger of death, bodily injury, or
physical or mental impairment. (Emphasis added). Counsel is also directed to raise any
other grounds he believes might support the appeal. Stafford v. State, 813 S.W.2d 503,
510 (Tex.Cr.App. 1991).

 To secure the appointment of new counsel, we now abate the appeal and remand
the cause to the trial court. Duncan v. Evans, 653 S.W.2d 38, 40 (Tex.Cr.App. 1983). 
Upon remand, the trial court shall appoint new counsel to brief the ground we deem
arguable, as well as any other grounds that might support the appeal. The trial court shall
direct counsel to file appellant's brief within 30 days after his appointment and shall furnish
the name, address, telephone number, and state bar number of new counsel to the Clerk
of this Court immediately after the appointment is ordered. Finally, the trial court shall
execute findings of fact, conclusions of law, and such orders as it deems necessary and
cause its findings to be included in a supplemental clerk's record. A supplemental
reporter's record of the hearing shall also be included in the appellate record. Finally, the
trial court shall file the supplemental records with the Clerk of this Court by Friday,
February 14, 2003. 

 Accordingly, counsel's motion to withdraw is hereby granted and the appeal is
abated and the cause remanded to the trial court for further proceedings.


 Per Curiam



Do not publish.


1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.
2. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).