Affirmed and Memorandum Opinion filed February 18, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00067-CR

___________________

 

Nakell Marie Butler, Appellant

 

V.

 

The State of Texas, Appellee



 



 

On
Appeal from the 12th District Court

Walker County,
Texas



Trial Court Cause No. 23,546

 



 

 

MEMORANDUM  OPINION

            A jury found appellant, Nakell
Marie Butler, guilty of two counts of endangering a child and one count of
possession of a controlled substance.[1] 
See Tex. Penal Code Ann. § 22.041(c) (Vernon 2003); Tex. Health &
Safety Code Ann. § 481.115 (Vernon 2003).  The trial court assessed punishment
at 180 days’ confinement for each of the child endangerment convictions and two
years’ confinement for the possession conviction, to be served concurrently. 
In three issues, appellant challenges: (1) the trial court’s admission of
expert testimony, (2) the legal sufficiency of the evidence, and (3) the trial
court’s denial of appellant’s motion for directed verdict.  Finding no error,
we affirm the judgment of the trial court.  

Factual and Procedural Background

            Sergeant Jeff Fisher of the Texas Department of
Public Safety testified that on December 23, 2005, at approximately 9 p.m. he
witnessed a vehicle driving without a license plate in violation of the law. 
Sergeant Fisher activated his emergency lights, and the vehicle pulled over onto
the side of the road.  As Sergeant Fisher walked up to the vehicle he noticed
the smell of burnt marijuana.  The driver stepped out of the vehicle, and
Sergeant Fisher asked him whether he had been smoking marijuana.  At first the
driver said no, but subsequently admitted to having smoked “one joint.” 
Sergeant Fisher observed two other adults in the vehicle—appellant in the front
passenger seat and another adult in the backseat with two small unrestrained
children.  Upon closer inspection with his flashlight, Sergeant Fisher noticed
a large amount of marijuana residue scattered around the front seat area of the
vehicle and large amounts of tobacco from the inside of a cigar scattered
around the back seats.  Sergeant Fisher also noticed that appellant was tightly
clutching a crumpled-up paper towel in her lap.  Sergeant Fisher asked
appellant to get out of the vehicle and to leave the paper towel on the seat in
the vehicle.  Appellant left the paper towel and her jacket on the front
passenger seat inside the vehicle.  After Sergeant Fisher searched appellant
for weapons, she requested her jacket because it was cold outside.  While
Sergeant Fisher retrieved appellant’s jacket from the vehicle, he discovered
that the crumpled-up paper towel was holding marijuana and five rocks of
crack-cocaine.  Sergeant Fisher testified that he arrested appellant, the
driver, and the third adult passenger and secured someone to pick up the
children.  

            During trial, after Sergeant Fisher finished
testifying, the State called Dr. Darrel Wells as an expert witness.  Dr. Wells
testified about the effects of cocaine on the human body.  He explained to the
jury that in some instances cocaine usage could be fatal and that its effects
depend on the size of the person using it and the amount used.  He further
testified that cocaine could also be fatal if ingested by a child.  He said
that the most common situation where children ingest cocaine is where they pick
a rock of cocaine off the floor or a table and put it in their mouths.  Dr.
Wells confirmed that crack cocaine wrapped in a paper towel left alone with
children in a vehicle represents a danger to the children.  Dr. Wells also told
the jury that marijuana affects a human being’s mental and physical abilities. 
He explained that he had not come across any research analyzing the effects of
secondhand marijuana smoke on children.  Dr. Wells confirmed that driving under
the influence of marijuana could affect a person’s ability to drive.

            Appellant was convicted of two counts of
endangering a child and pleaded guilty to one count of possession of cocaine. 
Appellant timely filed this appeal.   

Discussion

I.         Expert Testimony

            Appellant contends the trial court erred
in admitting the testimony of Dr. Darrel Wells.  Specifically, appellant argues
Dr. Wells was not qualified to give expert testimony on the precise issue of
the effects of marijuana and cocaine on children.  

            A.        Standard of Review

            We review a trial court’s decision to
admit or exclude expert testimony for an abuse of discretion.  Ellison v.
State, 201 S.W.3d 714, 723 (Tex. Crim. App. 2006).  A trial court abuses
its discretion when its decision lies outside the zone of reasonable
disagreement.  Casey v. State, 215 S.W.3d 870, 879 (Tex. Crim. App.
2007).

            B.        Applicable Law

            Rule 702 of the Texas Rules of Evidence
provides: “If scientific, technical, or other specialized knowledge will assist
the trier of fact to understand the evidence or to determine a fact in issue, a
witness qualified as an expert by knowledge, skill, experience, training, or
education may testify thereto in the form of an opinion or otherwise.”  Tex. R.
Evid. 702.  Pursuant to Rule 702, the trial court, before admitting expert
testimony, must be satisfied that three conditions are met: (1) that the
witness qualifies as an expert by reason of his knowledge, skill, experience,
training, or education; (2) that the subject matter of the testimony is
appropriate for expert testimony; and (3) that admitting the expert testimony
will actually assist the fact finder in deciding the case.  Alvarado v.
State, 912 S.W.2d 199, 215–16 (Tex. Crim. App. 1995).  The proponent of the
expert testimony bears the burden of proving the expert’s qualifications.  Turner
v. State, 252 S.W.3d 571, 584 (Tex. App.—Houston [14th Dist.] 2008, pet.
ref’d).  Furthermore, the expert’s background must be tailored to the specific
area of expertise about which he intends to testify.  Vela v. State, 209
S.W.3d 128, 133 (Tex. Crim. App. 2006).       

            C.        Analysis

            In order to prove appellant guilty of the
offense of endangerment of a child, the State had to show appellant engaged in
conduct that placed a child younger than 15 years in imminent danger of death,
bodily injury, or physical or mental impairment.  See Tex. Penal Code
Ann. § 22.041(c) (Vernon 2003).  The State relied on the testimony of Dr.
Darrel Wells to demonstrate that the presence of cocaine and marijuana in a
vehicle could create an imminent danger of death, bodily injury, or physical or
mental impairment to the children in the vehicle.  Before Dr. Wells testified
in front of the jury, the court held a Daubert hearing to determine whether
he was qualified to testify.  See Daubert v. Merrell Dow Pharms., Inc.,
509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed 2d 469 (1993).

            Dr. Wells explained that he has a specialty in
emergency medicine and a secondary specialty in family practice.  Dr. Wells
testified that he has thirty years of experience in emergency medicine and has
studied the effect of narcotics on the human body.  He confirmed that he
attended a week-long Forensic Death Investigation Course in 2007.  At this
course, Dr. Wells participated in discussions about various types of overdoses
in children.  During the hearing, appellant’s counsel repeatedly inquired into
whether Dr. Wells had researched the effects of controlled substances on
children, specifically marijuana and cocaine.  Dr. Wells explained that he had
exposure to the topic through his continuing medical education courses.  Dr.
Wells was not able to give the exact date on which he had studied this topic,
nor could he recall the title of the literature he read on the topic. 
Additionally, he admitted that he had not specifically studied the effects of
secondhand marijuana smoke on children.  The trial court overruled appellant’s
objection to Dr. Wells’ testimony and allowed him to testify as an expert.

            The trial court did not abuse its discretion in
overruling appellant’s objection.  Dr. Wells demonstrated that he was an
accomplished emergency medicine doctor and had exposure to the matter at issue
through experience and education.  Appellant contends Dr. Wells only
demonstrated knowledge of the effects of narcotics on a “human being,” and not
specifically on a child.  Therefore, appellant argues, the State failed to
establish Dr. Wells possessed the specialized knowledge required to assist the
jury in resolving the issue at hand.  We do not agree.  The question here is
the “fit” between Dr. Well’s demonstrated knowledge and the matter at issue.  See
Vela, 209 S.W.3d at 133.  To determine whether an expert witness is
qualified, the trial court considers whether the witness has a sufficient
background in a particular field and whether that background goes to the very
matter on which the witness is to give an opinion.  See id.  Dr. Wells’
specialized knowledge and experience in emergency medicine, including narcotics
overdoses and the effects of narcotics on a human being, sufficiently fits his
testimony on the potential effects narcotics could have on children. 
Accordingly, we overrule appellant’s first issue.

II.        Legal Sufficiency of the Evidence

            In her second issue, appellant contends
the evidence is legally insufficient to support the jury’s verdict.  In her
third issue, appellant contends the trial court erred in denying her motion for
directed verdict.  The law is well settled that a challenge to the denial of a
motion for directed verdict is a challenge to the legal sufficiency of the
evidence.  Gabriel v. State, 290 S.W.3d 426, 435 (Tex. App.—Houston
[14th Dist.] 2009, no pet.).  Therefore, we will construe appellant’s second
and third issues as a single issue.  

            A.        Standard of Review

            When
reviewing legal sufficiency, we view all the evidence in the light most
favorable to the verdict and then determine whether a rational juror could have
found the essential elements of the crime beyond a reasonable doubt.  Hooper
v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).  The jury, as the trier
of fact, is the sole judge of the credibility of witnesses.  See Moreno v.
State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988).  The jury chooses
whether or not to believe all or part of a witness’s testimony.  See id. 
We do not engage in a second evaluation of the weight and credibility of the
evidence, but only ensure the jury reached a rational decision.  Muniz v.
State, 851 S.W.2d 238, 246 (Tex. Crim. App. 1993). 

            B.        Analysis


            A person commits the offense of endangering a child if
she “intentionally, knowingly, recklessly, or with criminal negligence, by act
or omission, engages in conduct that places a child younger than 15 years in
imminent danger of death, bodily injury, or physical or mental impairment.”  Tex.
Penal Code Ann. § 22.041(c) (Vernon 2009).  Appellant’s sole contention is that
the State failed to prove appellant placed a child in imminent danger. 
The penal code does not statutorily define imminent danger.  The Court of
Criminal Appeals has relied on the following definition of “imminent:” “ready
to take place, near at hand, impending, hanging threateningly over one’s head,
menacingly near.”  Devine v. State, 786 S.W.2d 268, 270 (Tex. Crim. App.
1989).  Cases analyzing the offense of endangering a child using this
definition of imminent require more than a potentially dangerous situation.  See
Millslagle v. State, 81 S.W.3d 895, 898 (Tex. App.—Austin 2002, pet.
ref’d).  

            Appellant cites Millslagle v. State
as an example of a court holding the evidence insufficient to support a finding
of imminent danger.  Id.  Although Millslagle presents similar
circumstances to the facts underlying the case at bar, its factual
dissimilarities illuminate our analysis.  In Millslagle, a father left a
young boy alone in a vehicle while the father went into a sandwich shop.  Id.
896–97.  Inside the shop, the father went in the bathroom and crawled into the
ceiling of the shop where he ingested methamphetamine.  Id.  After a
worker at the shop noticed an unattended child “jumping around” in a vehicle,
she notified police about the unattended child.  Id. at 898.  Police
officers came to the aid of the boy and located his father thirty minutes
later.  Id.  The father told officers that he had used methamphetamine. 
Id. at 897.  The Austin Court of Appeals held the evidence was legally
insufficient to support a finding that the child was placed in imminent danger
by being left alone on the vehicle.  Id. 898.  The court stated:
“[a]lthough appellant’s drug use may have carried with it the potential for
danger should he return to the truck and drive away in an intoxicated state,
appellant’s drug use did not expose his child to imminent danger so long as
appellant remained in the restroom and did not return to his truck.”  Id. 
The Millslagle Court’s decision hinged on the fact the father did not
use drugs in front of the child and the fact the father did not drive the
vehicle after using the drugs.  See id.    

            The facts in the case at bar present us with the
situation Millslagle implied would create an imminent danger.  Sergeant
Fisher testified that (1) he smelled marijuana from outside the vehicle; (2) he
saw marijuana debris inside the vehicle; (3) the driver of the vehicle admitted
to having smoked marijuana; (4) appellant left a bag of cocaine and a bag of
marijuana in the vehicle with the unrestrained children while she stepped out
of the car to talk with Sergeant Fisher.  Unlike in Millslagle, here the
children were exposed to the narcotics and the narcotics were left within reach
on the passenger seat of the vehicle while the children were unrestrained in
the backseat of the vehicle.  Viewing this evidence in the light most favorable
to the verdict, we hold the combination of the near presence of the narcotics
to the unrestrained children in the vehicle, and the fact that marijuana was
smoked inside the vehicle with the children present is legally sufficient evidence
to support a finding of imminent danger.[2] 


 

 

 

 

Conclusion

            Having overruled all of appellant’s issues, we
affirm the judgment of the trial court.  

 

 

 

                                                                                    

                                                                        /s/        John
S. Anderson

                                                                                    Justice

 

 

 

Panel consists of Chief
Justice Hedges and Justices Anderson and Christopher.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1] Appellant pleaded guilty
to the offense of possession of a controlled substance and does not challenge
this conviction on appeal.  





[2] Although of no
precedential value, we find Anguiano v. State persuasive.  Anguiano
v. State, No. 08-02-00443-CR, 2004 WL 178601 (Tex. App.—El Paso Jan. 29,
2004, pet. ref’d) (mem. op., not designated for publication).  In that case,
the El Paso Court of Appeals found the evidence sufficient to support a finding
of imminent danger where the defendant had passed out in the front seat of a
vehicle and a baby was strapped into the passenger seat reaching for an open
syringe of an unknown substance.  Id. at *2.