Roberto **RODRIGUEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. 01–03–00853–CR, 01–03–00854–CR.

Court of Appeals of Texas, Houston (1st Dist.).

April 29, 2004.

Patricia Segura, Houston, TX, for Appellant.

Charles A. Rosenthal, Jr., District Attorney–Harris County, William J. Delmore, III, Chief Prosecutor, Appellate Division and Carmen Castillo Mitchell, Assistant District Attorney, Houston, TX, for Appellee.

Panel consists of Justices TAFT, HANKS, and HIGLEY.

## OPINION

GEORGE C. HANKS, JR. Justice.

A jury found appellant, Roberto Rodriguez, guilty of two felony offenses—driving while intoxicated (DWI) and endangering a child—and found true an enhancement paragraph that a deadly weapon, a motor vehicle, was used in the commission of the offenses. The jury assessed punishment at confinement in prison for four years for the DWI and confinement in state jail for two years for the endangering a child. In four points of error, appellant argues that (1) the evidence is legally insufficient to support the jury's verdict of guilt for endangering a child because there is no evidence that the complain-

ant alleged in the indictment was endangered or that appellant engaged in conduct that placed the complainant in *imminent* danger of bodily injury, and (2) the evidence was legally insufficient to support the jury's finding that appellant used or exhibited a deadly weapon, namely a motor vehicle, in the commission of the DWI and endangering a child offenses. We affirm.

## Background

At 9 p.m. on October 18, 2002, Sherrie Nolan drove her car, which was occupied by her daughter and two of her daughter's friends, eastbound on FM 1960. Nolan pulled into the center turning lane in order to turn into a business parking lot. She looked at the oncoming traffic and believed that she had enough time to make the turn. Appellant drove his car, which was occupied by his son and two daughters, all under five years of age, westbound on FM 1960. Appellant, without slowing down, hit the rear passenger's side of Nolan's car.

Steven Colvin, who was in the parking lot near the accident, ran to appellant's car, which had stopped in the middle of the street. Colvin was concerned that appellant's car might ignite, so he pried the back door open to remove a screaming boy and moved him to a grassy median. Colvin testified that, after everyone had been removed from the cars, he saw appellant go back to the car and "started going underneath the seats and pulling things out of the seats." He saw appellant throw a beer can onto the grassy median.

Harris County Deputy Constable J.W. Redd interviewed appellant at the scene. Deputy Redd testified that, during the course of his interview, he "detected an odor of alcoholic beverage on his breath, his speech was slurred, his eyes were bloodshot." Appellant said that he had been drinking and had drunk two beers.

Appellant failed the field sobriety tests that Deputy Redd administered at the scene. Appellant was arrested at the scene and refused the breath test.

Nolan, the three children in her car, and the three children in appellant's car were all transported from the accident in ambulances. Appellant was taken to the substation where he was processed for DWI.

Deputy Redd testified that, although Nolan was at fault for failing to yield the right of way making a left turn, he could not rule out appellant's alcohol consumption as a factor in the accident.

## Legal Sufficiency

In four points of error, appellant argues that the evidence is legally insufficient (1) to support the jury's verdict of guilt for endangering a child because there is no evidence that the complainant alleged in the indictment was endangered or that appellant engaged in conduct that placed a child in imminent danger of bodily injury, and (2) to support the jury's finding that appellant used or exhibited a deadly weapon, namely a motor vehicle, in the commission of the DWI and endangering a child offenses.

### Standard of Review

We review the legal sufficiency of the evidence by viewing the evidence in the light most favorable to the verdict to determine if any rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim.App.2000); *King v. State*, 29 S.W.3d 556, 562 (Tex.Crim.App.2000). Although our analysis considers all evidence presented at trial, we may not re-weigh the evidence and substitute our judgment for that of the fact finder. *King*, 29 S.W.3d at 562.

**Identity of Child**

■ In point of error one, appellant contends that his indictment alleged that he had endangered "Alexander Rodriguez," but there is no evidence that "anyone named Alexander Rodriguez was ever at or near the scene of this accident, or was in a car driven by appellant while appellant was intoxicated."

A person commits an offense if he intentionally, knowingly, recklessly, or with criminal negligence, by act or omission, engages in conduct that places a child younger than 15 years in imminent danger of death, bodily injury, or physical or mental impairment. TEX. PEN.CODE ANN. § 22.041 (Vernon 2003).

Deputy Redd testified that, at the time of the accident, there were three "small children" in appellant's car, and that appellant told him that they were appellant's children. Yolanda Hernandez, appellant's wife, testified that she and appellant have three children, a son, Robert Alexander Rodriguez (not "Alexander Rodriguez" as was alleged in the indictment), and two daughters. She testified that appellant took her to work that day, and that, after Hernandez was dropped off at work, the children stayed in the car with appellant. She was notified later at work that there had been an accident.

The victim's name is not a statutory element of the criminal offense. *Fuller v. State*, 73 S.W.3d 250, 254 (Tex.Crim.App. 2002). State law does not define the victim's name as a substantive element of the offense by, for example, defining the offense as "endangerment of a child under 15 named Alexander Rodriguez." *See id.* at 253.

The prosecution's failure to prove the victim's name exactly as alleged in the indictment does not, therefore, make the evidence insufficient to support appellant's conviction. The evidence that appellant endangered the young victim by driving while intoxicated is sufficient because it constitutes proof of every fact necessary to constitute the crime charged of "endangerment to a child." *See id.*

We overrule point of error one.

**Child in *Imminent* Danger**

■ In point of error two, appellant argues that there is no evidence that the complainant was in *imminent* danger as is required for a conviction of endangering a child.

"Imminent" means "[n]ear at hand; mediate rather than immediate; close rather than touching; impending; on the point of happening; threatening; menacing; perilous." BLACK'S LAW DICTIONARY 750 (6th ed.1990). In *Devine v. State*, 786 S.W.2d 268 (Tex.Crim.App.1989), in reaching its holding, the Court of Criminal Appeals also relied on the following definition of "imminent:" "ready to take place, near at hand, impending, hanging threateningly over one's head, menacingly near." *Id.* at 270 (*quoting Devine v. State*, No. 05–85–00964–CR (Tex.App.-Dallas 1986) (McGraw, J., dissenting) (not designated for publication)).

Deputy Redd testified that, although Nolan was at fault for failing to yield the right of way when making a left turn, he could not rule out appellant's alcohol consumption as a factor in the accident. Appellant's reaction time and physical abilities were diminished, which could have been a contributing factor. These impairments would have caused appellant to react slower when he saw Nolan's car. In fact, Nolan testified that appellant did not slow down before he hit her.

We hold that any rational fact finder could have found that appellant placed the complainant in imminent danger of bodily injury beyond a reasonable doubt. *See Wesbrook*, 29 S.W.3d at 111. We overrule point of error two.

### Deadly Weapon

In points of error three and four, appellant argues that the evidence is legally insufficient to support the jury's finding that he used or exhibited a deadly weapon, namely a motor vehicle, in the commission of the offenses of endangering a child and driving while intoxicated.

Appellant concedes that "the deadly weapon finding in the child endangering case has no effect on appellant's parole or release.... Any error was harmless."[1] Accordingly, we overrule point of error three.

Appellant's DWI indictment included the following statement:

It is further presented that at the time the Defendant committed the felony offense of DRIVING WHILE INTOXICATED on or about OCTOBER 18, 2002, as hereinabove alleged, he used and exhibited a deadly weapon, namely, a MOTOR VEHICLE during the commission of and during the immediate flight therefrom.

The jury affirmatively answered the special issue submitted on the issue of use of a deadly weapon.

The Texas Code of Criminal Procedure authorizes such a finding upon sufficient evidence "that a deadly weapon as defined in Section 1.07, Penal Code, was used or exhibited during the commission of a felony offense or during immediate flight therefrom, and that the defendant used or exhibited the deadly weapon...." TEX. CODE CRIM. PROC. ANN. art. 42.12 § 3g(a)(2) (Vernon Supp.2004). Texas Penal Code section 1.07 defines a deadly weapon as "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." TEX. PEN.CODE ANN. § 1.07(a)(17)(B) (Vernon Supp.2004).

To sustain a deadly weapon finding requires evidence that other people were endangered by the defendant's use of the vehicle, and not merely a hypothetical potential for danger if others had been present. *Mann v. State*, 13 S.W.3d 89, 92 (Tex.App.-Austin 2000), *aff'd* 58 S.W.3d 132 (Tex.Crim.App.2001) (deadly weapon finding sustained when testimony showed on-coming driver was forced to take evasive action to avoid a collision); *see also Ochoa v. State*, 119 S.W.3d 825, 827 (Tex. App.-San Antonio 2003, no pet.) (deadly weapon finding sustained where testimony showed Ochoa came "real close to striking and hitting" another car); *Davis v. State*, 964 S.W.2d 352, 354 (Tex.App.-Fort Worth 1998, no pet.) (deadly weapon finding sustained where car was driven into on-coming lane and had to take evasive action to avoid hitting an on-coming car).

Here, Deputy Redd testified that, in his training and experience, a car can be a deadly weapon. He testified that driving an automobile is "a complex situation, requires numerous tasks to be done at the same time, thought processing, reactions, visual concept, analysis, depth perception, small motor skills, [and] large motor skills." Deputy Redd testified that, although he determined that Nolan was at fault for failing to yield the right of way making a left turn, he could not rule out appellant's alcohol consumption as a contributing factor in the accident. Appellant's reaction time and physical abilities were diminished and could have been a contributing factor.

Appellant has not challenged that he was driving while intoxicated. The evidence shows that appellant was intoxicated

---

1. Appellant remarks that there is no parole from the state jail sentence he received for the child endangering case; therefore, the deadly weapon finding did not harm him. However, the deadly weapon finding will affect the amount of time he will serve before he is eligible for parole on the DWI sentence.

while driving on FM 1960 with three small children in his car when he collided, without applying the brakes, into Nolan's car, which carried Nolan and three passengers. Officer Redd testified that appellant's intoxication could not be ruled out as a contributing factor in the accident.

We hold that the evidence was legally sufficient to support the jury's deadly-weapon finding. We overrule point of error four.

We affirm the judgment.