Opinion issued December 11, 2008











In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00042-CR






JOSE JESUS FRANCO, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 174th District Court

Harris County, Texas

Trial Court Cause No. 976064






MEMORANDUM OPINION

 Appellant, Jose Jesus Franco, pleaded guilty to an indictment charging
aggravated robbery. The State moved to reduce the charge to aggravated assault, and
appellant and the State agreed to a plea bargain. See Act of May 29, 1993, 73d Leg.,
R.S., ch. 900, § 1.01, sec. 22.02, 1993 Tex. Gen. Laws 3586, 3619, amended by Act
of May 28, 2003, 78th Leg., R.S., ch. 1019, § 3, 2003 Tex. Gen. Laws 2963, 2963
(Penal Code § 22.02, amended 2005) [hereinafter 2003 Penal Code § 22.02]
(aggravated assault). The trial court deferred adjudication of guilt and placed
appellant on community supervision for three years and assessed a $300.00 fine. See
Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a) (Vernon Supp. 2008). 

 The State later filed a motion to adjudicate guilt, alleging that appellant had
violated the terms and conditions of community supervision. Appellant pleaded true
to the allegations. On January 10, 2007, the trial court adjudicated appellant guilty
of aggravated assault and assessed appellant's punishment at 10 years in prison. See
Act of May 29, 1995, 74th Leg., R.S., ch. 318, § 53, art. 42.12, sec. 5(b), 1995 Tex.
Gen. Laws 2734, 2750 (Code of Criminal Procedure art. 42.12, § 5(b), amended
2007). Appellant filed a pro se nonevidentiary motion for new trial. The motion for
new trial was overruled by operation of law.

 Appellant's appointed lawyer on appeal filed an Anders brief, stating that he
found no arguable points of error to raise on appeal, and he moved to withdraw as
counsel. See Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967). The State
waived its right to file an appellee's brief. Appellant filed a pro se response to the
Anders brief, in which he alleges for the first time that the indictment does not allege
an offense. We concluded there is at least one arguable ground for appeal, denied the
motion to withdraw as counsel, abated the appeal, and remanded the case to the trial
court for appointment of a new appellate lawyer.

 Appellant's new appellate lawyer filed a brief containing a single point of
error, in which he alleges there is legally insufficient evidence to support appellant's
guilty plea. See Tex. Code Crim. Proc. Ann. art. 1.15 (Vernon 2005) ("[I]t shall be
necessary for the state to introduce evidence into the record showing the guilt of the
defendant and said evidence shall be accepted by the court as the basis for its
judgment and in no event shall a person charged be convicted upon his plea without
sufficient evidence to support the same.").

 The indictment states the following:

 IN THE NAME AND BY AUTHORITY OF THE STATE OF
TEXAS:

 

 The duly organized Grand Jury of Harris County, Texas, presents in the
District Court of Harris County, Texas, that in Harris County, Texas,
JOSE JESUS FRANCO, herein styled the Defendant, heretofore on or
about JANUARY 31, 2004, did then and there unlawfully, while in the
course of committing theft of property owned by JOSE JESUS
FRANCO and with the intent to obtain and maintain control of the
property, intentionally and knowingly threaten and place JOSE JESUS
FRANCO in fear of imminent injury or death, and the Defendant did
then and there use and exhibit a deadly weapon, to-wit: ONE ICE PICK.


 AGAINST THE PEACE AND DIGNITY OF THE STATE.

Appellant's May 14, 2004, confession states in part the following:

 WAIVER OF CONSTITUTIONAL RIGHTS, AGREEMENT TO
STIPULATE, AND JUDICIAL CONFESSION:

 

 In open court and prior to entering my plea, I waive the right of trial by
jury. I also waive the appearance, confrontation, and cross-examination
of witnesses, and my right against self-incrimination. The charges
against me allege that in Harris County, Texas, JOSE JESUS
FRANCO, herein styled the Defendant, heretofore on or about
JANUARY 31, 2004, did then and there unlawfully, while in the course
of committing theft of property owned by JOSE JESUS FRANCO and
with the intent to obtain and maintain control of the property,
intentionally and knowingly threaten and place JOSE JESUS FRANCO
in fear of imminent injury or death, and the Defendant did then and there
use and exhibit a deadly weapon, to-wit: ONE ICE PICK.


 AGAINST THE PEACE AND DIGNITY OF THE STATE.


 State moves to reduce to aggravated assault.


 I understand the above allegations and I confess that they are true
and that the acts alleged above were committed on January 31, 2004.

 

 In open court I consent to the oral and written stipulation of
evidence in this case and to the introduction of affidavits, written
statements, of witnesses, and other documentary evidence.

No other evidence was introduced. On June 15, 2004, the trial court signed an order
modifying the conditions of appellant's community supervision. This order identified
the complainant as Rogelio Amaya, not Jose Jesus Franco.

 Appellant usually may not appeal the trial court's determination to proceed
with an adjudication of guilt on the original charge. See Act of May 29, 1995, 74th
Leg., R.S., ch. 318, § 53, art. 42.12, sec. 5(b), 1995 Tex. Gen. Laws 2734, 2750 (Code
of Criminal Procedure art. 42.12, § 5(b), amended 2007); Manuel v. State, 994
S.W.2d 658, 661-62 (Tex. Crim. App. 1999). (1) Any complaints about the original
plea proceeding, including evidentiary sufficiency, usually must be raised on appeal
when deferred adjudication is first imposed. Manuel, 994 S.W.2d at 661-62. The
Court of Criminal Appeals has recognized two exceptions: a void judgment and
habeas corpus. Nix v. State, 65 S.W.3d 664, 667 (Tex. Crim. App. 2001).

 Appellant does not address the jurisdictional issue. Appellant, however, does
claim that the indictment is fundamentally defective because it does not charge the
commission of an offense. See Cook v. State, 902 S.W.2d 471, 479-80 (Tex. Crim.
App. 1995) (holding that Texas Constitution article I, section 10 and article V, section
12(b) requires indictment to charge "a person" with commission of offense). 
Appellant was indicted for committing the offense of aggravated robbery, which
required that appellant threaten another person. See 2003 Penal Code § 22.02(a). 
Because the indictment names appellant as the person threatened, and not another
person, appellant claims the indictment is fundamentally defective.

 The State correctly responds that the victim's name is not a substantive element
of the offense. See Fuller v. State, 73 S.W.3d 250, 253 (Tex. Crim. App. 2002);
Rodriguez v. State, 137 S.W.3d 758, 761 (Tex. App.--Houston [1st Dist.] 2004, no
pet.). The State further suggests that the obvious error in the indictment was
typographical, because the order modifying the conditions of appellant's community
supervision identifies the complainant as Rogelio Amaya.

 We hold that the indictment is not fundamentally defective and does not
constitute a void judgment under Nix. Appellant, therefore, may not appeal the trial
court's determination to proceed with an adjudication of guilt on the original charge. 
See Manuel, 994 S.W.2d at 661-62. Accordingly, we dismiss this appeal for lack of
jurisdiction. (2)




 Sam Nuchia

 Justice


Panel consists of Chief Justice Radack and Justices Nuchia and Higley.

Do not publish. Tex. R. App. P. 47.2(b).
1. The current provisions of Code of Criminal Procedure article, section 5(b)
apply "to a hearing conducted under that section on or after the effective date
of this Act [June 15, 2007], regardless of when the adjudication of guilt was
originally deferred or when the offense giving rise to the grant of deferred
adjudication community supervision was committed." Act of May 28, 2007,
80th Leg., R.S., ch. 1308, §§ 53, 68, 2007 Tex. Gen. Laws 4395, 4413, 4414.
The 2007 act deleted "No appeal may be taken from this adjudication" and
added "This determination is reviewable in the same manner as a revocation
hearing conducted under Section 21 of this article in a case in which an
adjudication of guilt had not been deferred." Act of May 28, 2007, 80th Leg.,
R.S., ch. 1308, § 5, 2007 Tex. Gen. Laws 4395, 4397. Appellant's hearing was
conducted before June 15, 2007, so the current provisions of Code of Criminal
Procedure article, section 5(b) do not apply.
2. The State asks us to affirm appellant's judgment of conviction, rather than
dismiss. The correct disposition under Manuel is to dismiss for want of
jurisdiction. 994 S.W.2d at 662.