# DISSENTING OPINION

No. 04-10-00274-CR

Gail **MAYBERRY**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 81st Judicial District Court, Wilson County, Texas
Trial Court No. 09-05-0041-CRW
Honorable Donna S. Rayes, Judge Presiding

Opinion by:   Marialyn Barnard, Justice
Dissenting Opinion by:  Steven C. Hilbig, Justice

Sitting:       Karen Angelini, Justice
              Steven C. Hilbig, Justice
              Marialyn Barnard, Justice

Delivered and Filed:  August 10, 2011

The majority concludes the evidence is legally sufficient to support Gail Mayberry's six convictions for endangering a child. I disagree.

## Background

Mayberry was charged with seven counts of endangering a child under section 22.041(c) of the Texas Penal Code. [1] The charges arose from an automobile accident that caused the death of two children and harmed several other children. The indictment alleged Mayberry "intentionally, knowingly, recklessly, or with criminal negligence" engaged in conduct that placed a child younger than fifteen years of age in "imminent danger of death, bodily injury, or physical or mental impairment." The State pled that the criminal conduct was either "allowing or

---

[1] "A person commits an offense if he intentionally, knowingly, recklessly, or with criminal negligence, by act or omission, engages in conduct that places a child younger than 15 years in imminent danger of death, bodily injury, or physical or mental impairment." TEX. PENAL CODE ANN. § 22.041(c) (West 2011).

requesting" her son Deon Mayberry, who was fifteen years old and did not hold a valid Texas driver's license, to operate a motor vehicle with the child as a passenger, or by "failing to prevent" her son from operating the vehicle.[2]

### ARTICLE 21.15 TEXAS CODE OF CRIMINAL PROCEDURE

I disagree with the majority's decision because the evidence does not support a conviction for endangering a child under section 22.041(c) of the Texas Penal Code. Article 21.15 of the Texas Code of Criminal Procedure provides that whenever the accused is charged with acting recklessly or with criminal negligence in the commission of the offense, the charging instrument "must allege, with reasonable certainty, the act or acts relied upon to constitute recklessness or criminal negligence." TEX. CODE CRIM. PROC. ANN art. 21.15 (West 2009); *Mitchell v. State*, 321 S.W.3d 30, 36-37 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). The State is limited to the acts pled in the charging instrument to prove the recklessness or criminal negligence of the conduct. *See Mitchell*, 321 S.W.3d at 36-37; *Goodrich v. State*, 156 S.W.3d 141, 145-47 (Tex. App.—Dallas 2005, pet. ref'd); *Millslagle v. State*, 81 S.W.3d 895, 897-98 (Tex. App.—Austin 2002, pet. ref'd); *see also Sanchez v. State*, No. PD-0971-07, 2010 WL 3894640 at *5 (Tex. Crim. App. Oct. 6, 2010) (limiting discussion of sufficiency of evidence to manner and means theories alleged in indictment); *Jefferson v. State*, 189 S.W.3d 305, 310-14 (Tex. Crim. App.), cert. denied 549 U.S. 957 (2006) (in discussing unanimous verdict requirement, court limited discussion to manner and means alleged in indictment). Because the State chose to limit its allegations of child endangerment to Mayberry's "allowing or requesting Deon Mayberry, a 15 year old, without a valid Texas driver's license, to operate a motor vehicle in which [the child] was a passenger," or "by failing to prevent Deon Mayberry, a 15 year old,

---

[2] At trial, the State abandoned Count VII, which charged Mayberry with endangering her son Deon, and the jury returned guilty verdicts on the remaining counts.

without a valid Texas driver's license, to operate a motor vehicle in which [the child] was a passenger," our analysis should only address those facts.

The majority relies on the following evidence to sustain the jury's verdict: Mayberry's son was fifteen and was unlicensed, he drove without adult supervision, at night, with six or eight children without sufficient seatbelts for each child, Mayberry advised some of the children to sit in an area of the car that did not have any seatbelts, she allowed her son to leave the residence with child passengers three times, Mayberry had "no idea" where her son was driving, and Mayberry did not know the whereabouts of all her children that night. Majority opinion at *5. But the State chose to limit its allegations to only the first two facts to prove she committed the offense. Therefore, our analysis should properly rely only on those two facts to determine whether the children were in imminent danger when she requested, allowed, or failed to prevent her unlicensed son from operating the vehicle in which the children were passengers.

The parties appear to agree this case turns on whether the danger of death, bodily injury, or impairment was imminent. In a previous child endangerment case, this court defined "imminent" as meaning "'ready to take place, near at hand, impending, hanging threateningly over one's head, menacingly near.'" *Elder v. State*, 993 S.W.2d 229, 230 (Tex. App.—San Antonio 1999, no pet.) (*quoting Devine v. State*, 786 S.W.2d 268, 270 (Tex. Crim. App. 1989)). Conduct that merely places a child in a potentially dangerous situation is not sufficient for conviction. *See Millslagle*, 81 S.W.3d at 898.

The determination of whether a child is in imminent danger is always a fact-intensive exercise. However, my review of cases discussing the "immediacy" element reveals a consistent pattern. Where the danger is at hand, courts have affirmed the convictions. *See Rodriguez v. State*, 137 S.W.3d 758, 762-63 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (intoxicated

driver failed to slow down when second vehicle turned in front of him and vehicles collided); *Walker v. State*, 95 S.W.3d 516, 520-21 (Tex. App.—Fort Worth 2002, pet. ref'd) (while evading officer, defendant drove at speeds up to eighty-five miles per hour, ran stop sign, drove across highway grass median, and eventually wrecked vehicle with child occupant); *see also Butler v. State*, No. 14-09-000067-CR, 2010 WL 547055, at *4 (Tex. App.—Houston [14th Dist.] Feb. 18, 2010, no pet.) (mem. op., not designated for publication) (defendant drove while intoxicated with two unrestrained children in vehicle, defendant admitted to smoking marijuana and left cocaine and marijuana in vehicle with children while talking with police); *Wahlig v. State*, No. 03-07-00695-CR, 2009 WL 884779, at *4-5 (Tex. App.—Austin Mar. 27, 2009, pet. ref'd) (mem. op., not designated for publication) (defendant set fire to house with children inside); *Tetter v. State*, No. 05-06-00309-CR, 2007 WL 510356, at *6-12 (Tex. App.—Dallas Feb. 20, 2007, no pet.) (not designated for publication) (intoxicated school bus driver drove at a high rate of speed, went off road, crossed center line, swerved from side-to-side, and nearly "flipped" bus while turning without slowing); *Steinecke v. State*, No. 01-05-00813-CR, 2007 WL 1119890, at *4-6 (Tex. App.—Houston [1st Dist.] Apr. 12, 2007, no pet.) (mem. op., not designated for publication) (defendant took no action when vehicle on fire, with children in back seat); *Vreeland v. State*, No. 13-04-368-CR, 2006 WL 3028065, at *4-5 (Tex. App.—Corpus Christi Oct. 26, 2006) (mem. op., not designated for publication) (defendant left child in closed car for eight hours when outside temperatures exceeded ninety degrees); *Dewey v. State*, No. 05-06-00445-CR, 2006 WL 2337800, at *3 (Tex. App.—Dallas Aug. 14, 2006, no pet.) (mem. op., not designated for publication) (intoxicated driver driving erratically came within four feet of a group of children); *Tems v. State*, No. 06-04-00164-CR, 2005 WL 2076639, at *5-8 (Tex. App.—Texarkana Aug. 30, 2005, pet ref'd) (mem. op., not designated for publication), cert. denied, 547

U.S. 1211 (2006) (defendant drove at speeds exceeding ninety-five miles per hour while fleeing from police with unrestrained eighteen-month-old daughter in vehicle); *Head v. State*, No. 09-06-028-CR, 2006 WL 3742800, at *2-4 (Tex. App.—Beaumont Dec. 20, 2006, no pet.) (mem. op., not designated for publication) (defendant drove at excessive speed while intoxicated with three children in vehicle); *Pittman v. State*, No. 14-03-01296-CR, 2005 WL 1149819, at *1 (Tex. App.—Houston [14st Dist.] May 17, 2005, no pet.) (mem. op., not designated for publication) (intoxicated school bus driver appeared to fall asleep while driving, unable to control bus by driving within a single lane, failed to negotiate a turn and drove the bus into a ditch); *Anguiano v. State*, No. 08-02-00443-CR, 2004 WL 178601, at *1-2 (Tex. App.—El Paso Jan. 29, 2004, pet. ref'd) (mem. op., not designated for publication) (intoxicated driver crashed car against curb, found passed out with door open and child restrained in car seat reaching for a liquid-filled syringe ten inches away); *Suarez v. State*, No. 05-03-00096-CR, 2003 WL 23025024, at *3-5 (Tex. App.—Dallas Dec. 30, 2003, pet ref'd.) (mem. op., not designated for publication) (defendant allowed three-year-old child to remain unrestrained in moving vehicle, child fell out of front passenger window); *Harrist v. State*, Nos. 11-01-00093-CR & 11-01-00094-CR, 2002 WL 32344342, at *2-3 (Tex. App.—Eastland Mar. 28, 2002, no pet.) (not designated for publication) (while defendant slept in motel room, her six year-old child with Down's syndrome twice crossed busy street and police discovered open knives, syringes and pill bottles strewn about table and floor of motel room, and defendant had knowledge that child had tendency to run into roadways); *Perez v. State*, No. 05-99-00830-CR, 2000 WL 1716517, at *2 (Tex. App.—Dallas Nov. 17, 2000, no pet.) (not designated for publication) (defendant found unconscious in parking lot next to vehicle with door open, four-month-old baby found inside vehicle, upon awakening defendant appeared intoxicated and incoherent, and did not know his identity).

However, where the danger was a more remote possibility, courts have concluded the danger was not imminent. *See Millslagle*, 81 S.W.3d at 895 (defendant left three-year-old boy unattended in truck while inside store hiding in space above ceiling and using methamphetamine; State alleged culpable conduct as leaving child alone for forty-five minutes in vehicle and using drugs); *Elder*, 993 S.W.2d at 231 (defendant and children lived with person on probation for indecency with child, person molested one of defendant's children); *see also Williams v. State*, No. 03-08-00684-CR, 2010 WL 2788819, at *5-7 (Tex. App.—Austin July 14, 2010, no pet.) (mem. op., not designated for publication) (no imminent harm to three children who lived with defendant in apartment where drugs were packaged with decorative comic-book character Batman sticker; drugs were found on high shelf in living room closet, and court reasoned too many intervening steps between location of drugs and harm to children); *Salazar v. State*, No. 10-07-00335-CR, 2008 WL 2374941, at *2 (Tex. App.—Waco June 11, 2008, pet. ref'd) (mem. op., not designated for publication) (defendant's two and three-year-old children found on public street headed towards busy road, defendant was talking on phone when children apparently climbed out window and ran into street); *Medearis v. State*, No. 11-04-00201-CR, 2006 WL 1913488, at *2-3 (Tex. App.—Eastland July 13, 2006, no pet.) (mem. op., not designated for publication) (defendant's two and three-year-old children found unsupervised in unfenced front yard located in residential area while defendant slept in residence); *Moody v. State*, No. 01-03-00685-CR, 2004 WL 1472216 (Tex. App.—Houston [1st Dist.] July 1, 2004, no pet.) (mem. op., not designated for publication) (defendant's two and three-year-old children habitually found outside residence on private gravel road near busy road with 45 mph speed limit, often seen clad only in diapers even in colder temperatures, and residence kept in dirty, "nasty," smelly, and unsanitary condition.); *Moreno v. State*, No. 07-01-0441-CR, 2003 WL 21516575, at *2-3 (Tex.

App.—Amarillo July 3, 2003, no pet.) (mem. op., not designated for publication) (defendant arrested for DWI, left ten-month-old baby, ten-year old child and eight-year-old child home alone in custody of twelve-year-old child); *Bordelon v. State*, No. 09-96-305-CR, 1998 WL 770449, at *2 (Tex. App.—Beaumont Nov. 4, 1998, no pet.) (not designated for publication) (defendant and co-worker moved heavy object through part of day care center, defendant left co-worker to answer phone and told co-worker to wait for her return, co-worker attempted to move object which fell on child killing her).

I believe the evidence demonstrates Mayberry did no more than to place the children in a potentially dangerous situation by engaging in the acts alleged by the State. As her son drove away, the danger to the children was not "ready to take place, near at hand, impending, hanging threateningly over one's head, menacingly near." *Elder*, 993 S.W.2d at 230. Certainly, Mayberry placed the children in a potentially dangerous situation that tragically came to fruition. However, her actions were closer to the actions of the defendants in the latter cases cited above where the courts found danger was not imminent.

I do not reach this conclusion acting as a thirteenth juror as suggested by the majority or by abandoning the applicable standard of review.[3] Rather, I disagree with the majority's continued reliance upon acts not pled by the State in the indictment as a rationale for concluding the evidence is sufficient to support the jury's verdict. The sufficiency of the evidence is measured against a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 239-40 (Tex. Crim. App. 1997). "[T]he hypothetically correct charge would include an indictment allegation which is necessary to give the defendant adequate notice of the charge against him so

---

[3] Simply because a jury has found the defendant guilty does not relieve an appellate court of its obligation, when the sufficiency of the evidence is raised as a point of error, to determine whether the evidence supports the jury's verdict, even as to the issue of immediate harm. *Elder*, *Millslagle*, *Williams*, *Medearis*, *Moody*, *Moreno*, and *Bordelon* are all cases where the appellate court reversed the conviction after a jury trial, concluding the evidence was insufficient to support the jury's finding of imminent danger.

as to meaningfully defend himself." *Gollihar v. State*, 46 S.W.3d 243, 256 (Tex. Crim. App. 2001). As discussed above, the State must provide notice to a defendant of the acts upon which the State intends to rely to demonstrate recklessness or negligence by including those allegations in the indictment. *See also Smith v. State*, 309 S.W.3d 10, 14-16 (Tex. Crim. App. 2010) (discussing requirements of article 21.15). Thus, the legal sufficiency of the evidence must be measured against only those allegations.

Viewing the proper evidence in the light most favorable to the jury's verdict, there is insufficient evidence upon which a rational jury could have found the danger was imminent. Accordingly, I would reverse the judgments of the trial court and render a judgment of acquittal.


Steven C. Hilbig, Justice

Publish