

**NUMBER 13-12-00567-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI – EDINBURG**

---

**ANA FLORES,**                                                                                          **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                              **Appellee.**

---

**On appeal from the 107th District Court
of Cameron County, Texas.**

---

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Longoria
Memorandum Opinion by Chief Justice Valdez**

A jury convicted appellant, Ana Flores, of possession of one gram or more but less than four grams of cocaine, a third-degree felony, and endangering a child, a state jail felony.  TEX. HEALTH & SAFETY CODE ANN. §§ 22.041(c), 481.115(c) (West 2011). Appellant was given a suspended sentence of five years probation.  By two issues, appellant contends:  (1) the evidence is legally insufficient to establish an affirmative link

to possession of the cocaine; and (2) the evidence is legally insufficient to support a child endangerment conviction. We affirm.

## I. BACKGROUND

On August 25, 2011, Officer Reynaldo Lopez received a tip from a credible informant that appellant's house was being used to sell narcotics. Consequently, Officer Lopez conducted surveillance and arranged to have a controlled purchase of cocaine conducted at appellant's residence. Soon after observing the controlled purchase of a useable amount of cocaine from a woman matching appellant's description, Officer Lopez obtained a warrant to search appellant's residence.

On August 26, 2011, police officers with the Brownsville Police Department executed a search warrant at 1840 Ringgold Street in Brownsville, Texas. When officers approached appellant's house to execute the warrant, Jorge Martinez Hernandez, appellant's son, was standing outside with three other individuals. Moments later, Hernandez ran inside appellant's house, leaving A.J.H., appellant's five-year old grandson, outside. At this time, appellant lived with Hernandez and A.J.H. At trial, appellant testified that she has cared for A.J.H. since he was two weeks old, and that A.J.H. has lived with appellant most of his life.

Responding officers pursued Hernandez and discovered appellant in the dining room area of the house. Shortly after entering appellant's residence, officers detained Hernandez in the restroom and noticed two small bags floating in the toilet bowl, as well as several clear plastic baggies that were torn and empty near the toilet. A small rock of cocaine was found beside the toilet, and pieces of cocaine were found on top of a wooden shelf near the shower. Upon searching appellant's house, police found useable

amounts of cocaine atop a cabinet three to four feet off the ground in the unlocked second bedroom of the house ("Bedroom Two").  Inside the bedroom drawers, officers found a small bag containing cocaine, as well as a residue-laced laboratory beaker.  After seizing the cocaine, both appellant and Hernandez were arrested.

Subsequently, a jury found appellant guilty of possession of one gram or more but less than four grams of cocaine under Texas Health & Safety Code section 481.115(c) and endangering her grandson under Texas Penal Code section 22.041(c).  The jury assessed appellant's punishment at five years in the Texas Department of Criminal Justice—Institutional Division.  However, the trial court suspended the sentence, and placed appellant on probation for a period of five years.  This appeal ensued.

## II.  STANDARD OF REVIEW

In a legal sufficiency review, we view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[1]  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005).  We must consider all of the evidence that the trier of fact considered even if that evidence was wrongly admitted.  *Lopez v. State*, 267 S.W.3d 85, 95 (Tex. App.—Corpus Christi 2008; no pet.).  "It is not necessary that every fact point directly and independently to the defendant's guilt, but it is enough if the conclusion is warranted by the combined and cumulative force of all the incriminating circumstances."  *Id.* (citing

---

[1] We note that although appellant raises both legal and factual sufficiency challenges to the evidence, the Texas Court of Criminal Appeals has abolished factual sufficiency review.  *See Howard v. State*, 333 S.W.3d 137, 138 (Tex. Crim. App. 2011) (citing *Brooks v. State*, 323 S.W.3d 893, 894–95 (Tex. Crim. App. 2010) (plurality op.)).

3

*Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)).  Accordingly, in analyzing legal sufficiency, we will determine whether the necessary inferences are reasonable based on the combined force of the evidence, direct and circumstantial, when viewed in the light most favorable to the verdict.  *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).  We measure the legal sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge.  *Coleman v. State*, 131 S.W.3d 303, 314 (Tex. App.—Corpus Christi 2004, pet. ref'd) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)).

### III.  POSSESSION OF CONTROLLED SUBSTANCE

By her first issue, appellant contends that there was insufficient evidence to support her conviction on the charge of possession of cocaine.  Consequently, appellant argues that the trial court erred by failing to grant a directed verdict of acquittal.

#### A.  Applicable Law

A person commits a third-degree felony if the person knowingly or intentionally possesses one gram or more but less than four grams of a controlled substance in Penalty Group 1, which includes cocaine.  *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (West 2011).  To prove possession of a controlled substance, the State must show that the accused:  (1) intentionally or knowingly exercised control, management, or care over the substance; and (2) knew that the substance was contraband.  *Lopez*, 267 S.W.3d at 91.  However, "[w]hen an accused is not in exclusive possession and control of the place where contraband is found, it cannot be concluded [s]he had knowledge or control over the contraband unless there are additional independent facts

4

and circumstances that affirmatively link [her] to the contraband." *Lassaint v. State*, 79 S.W.3d 736, 740 (Tex. App.—Corpus Christi 2002, no pet.).

A link between the accused and the contraband may be established by the following nonexclusive list of factors: (1) the contraband was in plain view; (2) the accused owned the premises or had the right to possess the place where the contraband was found; (3) the accused had a large amount of cash when found; (4) the accused's access to the contraband; (5) the accused's close proximity to the contraband; (6) there was a strong residual odor of the contraband; (7) the accused possessed other contraband when arrested; (8) paraphernalia to use the contraband was present on the accused or in plain view; (9) the accused was under the influence of narcotics when arrested; (10) the accused's conduct indicated a consciousness of guilt; (11) the accused attempted to escape or flee; (12) the accused made furtive gestures; (13) the accused had a special connection to the contraband; (14) conflicting statements about relevant matters were made by the occupants; (15) the accused made incriminating statements connecting [her]self to the contraband; (16) the quantity of the contraband; and (17) the accused was observed in a suspicious area under suspicious circumstances. *Lopez*, 267 S.W.3d at 92. The sufficiency of links is not based on the number of factors established, but on the logical force of all the circumstantial and direct evidence. *Evans v. State*, 202 S.W.3d 158, 162 (Tex. Crim. App. 2006); *Lopez*, 267 S.W.3d at 92; *Lassaint*, 79 S.W.3d at 741.

## B. Discussion

Appellant contends that there is not enough evidence to sustain her conviction for possession of cocaine. We acknowledge that many of the evidentiary factors used

5

to establish a link between the accused and the contraband are not present. However, the sufficiency of the links is not dependent on the number of factors present, but on the logical force of the evidence. *Evans*, 202 S.W.3d at 162; *Lopez*, 267 S.W.3d at 92; *Lassaint*, 79 S.W.3d at 741. Additionally, the list of affirmative links is nonexclusive, and the jury heard evidence of other independent facts and circumstances that link appellant to the contraband. *See Lassaint*, 79 S.W.3d at 740; *see also Lopez*, 267 S.W.3d at 92 ("There is no established or set formula of factors that would dictate a finding of a link to support a reasonable inference of knowing possession of contraband.").

Here, there are several factors that affirmatively link appellant to possession of the cocaine. First, the contraband was in plain view of the appellant. Appellant was in the kitchen when the warrant was executed, and although appellant indicated that the room where the cocaine was found belonged to her son, this does not discount the fact that cocaine was in plain sight in the apartment's only bathroom and on top of a cabinet in an unlocked bedroom (Factor one). *See Lopez*, 267 S.W.3d at 92. Second, although appellant did not own the property, as a renter of the premises, appellant had a right to possess the place where the cocaine was found (Factor two). *See id.* Third, being that the bedroom and bathroom were unlocked, appellant had access to the contraband in question, and she was in close proximity to the contraband when the search warrant was executed (Factors four & five). *See id.* Fourth, officers reported that there was a strong odor of a chemical commonly used to cook cocaine in the house (Factor six). *See id.* Finally, appellant was observed in an area where authorities had reasonable suspicion that criminal activity was occurring, as authorities had received credible tips

6

that the house was being used to sell narcotics, and a police officer had observed drug purchases prior to obtaining a search warrant (Factor seventeen).  *See id.*

Construing the above evidence in the light most favorable to the verdict, we conclude that based on the logical force of all the evidence, the jury could have found an affirmative link between the cocaine and appellant beyond a reasonable doubt.  *See Jackson*, 443 U.S. at 319; *Poindexter*, 153 S.W.3d at 405.  The evidence was, therefore, legally sufficient to support a conviction on the ground that appellant intentionally or knowingly exercised control, management, or care over the substance.  *See Lopez*, 267 S.W.3d at 92.  We overrule appellant's first issue.

## IV. CHILD ENDANGERMENT

By her second issue, appellant contends that there is insufficient evidence to support her conviction on the charge of endangering a child.  Appellant argues that the trial court erred by failing to grant a directed verdict of acquittal.

### A.  Applicable Law

A person commits the offense of endangering a child if she "intentionally, knowingly, recklessly, or with criminal negligence, by act or omission, engages in conduct that places a child younger than 15 years in imminent danger or death, bodily injury, or physical, or mental impairment."  TEX. PENAL CODE ANN. § 22.041(c).  A person acts recklessly, or is reckless, when the actor "is aware of, but consciously disregards, a substantial and unjustifiable risk that circumstances exist or a result will occur."  *Id.* at § 6.03(c).

The Texas Court of Criminal Appeals has held "imminent" means "ready to take place, near at hand, impending, hanging threateningly over one's head, menacingly

7

near." *Devine v. State*, 786 S.W.2d 268, 270 (Tex. Crim. App. 1989); *see also Rodriguez v. State*, 137 S.W.3d 758, 761 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (holding danger was imminent in a child endangerment case where defendant drove under the influence with children as passengers). This definition requires more than a potentially dangerous situation. *Millslagle v. State*, 81 S.W.3d 895, 898 (Tex. App.—Austin 2002, pet. ref'd).

## B. Discussion

Appellant contends that the evidence was legally insufficient to support her conviction on the child endangerment charge because she did not recklessly or negligently place her grandson in imminent danger of death, bodily injury, or physical or mental impairment. Here, the jury found appellant guilty of possession of cocaine. Cocaine is a drug that causes serious mental and physiological effects on the body.[2] The jury could have rationally found that ingesting the cocaine, possessed by appellant, would cause her grandson, a five-year old boy, to experience death, bodily injury, or physical or mental impairment.

However, for a conviction of child endangerment to be sustained, the jury must also find that danger to the child posed by the possession of the cocaine was imminent. *See Devine*, 786 S.W.2d at 270. In this case, officers testified that appellant's apartment had a strong odor of a chemical commonly used to cook cocaine. Additionally, cocaine was found on the bathroom floor, atop a wooden cabinet beside the shower, and atop a cabinet in Bedroom Two. Furthermore, Bedroom Two was unlocked during the search, and there was nothing preventing appellant's grandson

---

[2] Appellant did not dispute this physiological fact at trial and does not dispute the jury's determination of this fact on appeal.

8

from gaining access to the restroom or bedroom.  Because narcotics were in plain view and appellant's grandson lived at appellant's residence, we find that a rational jury could have found that the cocaine was in close proximity to the child and that the child was therefore in imminent danger.[3]  *See Devine v. State*, 786 S.W.2d 268, 270 (Tex. Crim. App. 1989); *see also Manning v. State*, No. 05-11-00867-CR, 2013 Tex. App. LEXIS 5364, at *2 (Tex. App.—Dallas Apr. 30, 2013, no pet.) (mem. op., not designated for publication) (danger was imminent where unrestrained child was in close proximity to handguns, cocaine, and marihuana on kitchen table); *Butler v. State*, No. 14-09-00067-CR, 2010 Tex. App. LEXIS 1159, at **11–12 (Tex. App.—Houston [14th Dist.] Feb. 18, 2010, no pet.) (mem. op., not designated for publication) (danger was imminent where narcotics were left on passenger seat of car and child was unrestrained in back seat); *Anguiano v. State*, No. 08-02-0043-CR, 2004 Tex. App. LEXIS 932, at *4 (Tex. App.—El Paso Jan. 29, 2004, pet. ref'd) (mem. op., not designated for publication) (danger was imminent where child reached for exposed drug syringe that was eight to ten inches away from him).

Accordingly, because the evidence was legally sufficient to support a conviction on the ground that appellant intentionally or knowingly exercised control, management, or care over the cocaine, a dangerous substance, a rational jury could have found her guilty of endangering A.J.H.  *See Lopez*, 267 S.W.3d at 92.  We overrule appellant's second issue.

---

[3] On appeal, appellant argues that the presence of cocaine in the house did not pose an imminent threat because A.J.H. was outside when officers executed the search warrant.  However, during her testimony, appellant admitted that A.J.H. lived with her at the house.

## V. Conclusion

We affirm the trial court's judgment.

_____
ROGELIO VALDEZ
Chief Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the
3rd day of July, 2013.