**Order filed June 23, 2016**



In The

# Eleventh Court of Appeals

_____

## No. 11-15-00305-CR

_____

## JOANNA HERNANDEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 358th District Court**
**Ector County, Texas**
**Trial Court Cause No. D-44,330**

### O R D E R

Joanna Hernandez, Appellant, pleaded not guilty to three counts of endangering a child. In all three counts, the jury convicted her of the offense, assessed her punishment at confinement for two years in a state jail facility, and recommended that her sentence be suspended. The trial court accepted the jury's recommendation and placed Appellant on community supervision for five years.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel asserts that he has professionally

and conscientiously examined the record and applicable law and that he has concluded that the appeal is frivolous. Counsel has provided Appellant with a copy of the brief and advised Appellant of her right to review the record and file a response to counsel's brief. Appellant has not filed a response. It appears that court-appointed counsel has attempted to comply with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we disagree with court-appointed counsel's conclusion that the appeal is frivolous and without merit. We are of the opinion that there are arguable grounds for an appeal. In this regard, we note that the offense for which Appellant was convicted requires that the danger to the children be "imminent." TEX. PENAL CODE ANN. § 22.041(c) (West 2011) ("A person commits an offense if he intentionally, knowingly, recklessly, or with criminal negligence, by act or omission, engages in conduct that places a child younger than 15 years in imminent danger of death, bodily injury, or physical or mental impairment."); *see Garcia v. State*, 367 S.W.3d 683, 688–89 (Tex. Crim. App. 2012); *Moody v. State*, No. 01-03-00685-CR, 2004 WL 1472216, at *1 (Tex. App.—Houston [1st Dist.] July 1, 2004, no pet.) (mem. op., not designated for publication); *Millslagle v. State*, 81 S.W.3d 895, 898 (Tex. App.—Austin 2002, pet. ref'd); *Elder v. State*, 993 S.W.2d 229, 230 (Tex. App.—San Antonio 1999, no pet.).

Accordingly, we grant counsel's motion to withdraw, abate this proceeding, and remand the case to the trial court for the appointment of new appellate counsel. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). We direct

2

the trial court to appoint new counsel to represent Appellant on appeal. The trial court shall furnish the name, address, telephone number, and state bar number of new counsel in its order appointing new counsel. The order shall be included in a supplemental clerk's record, which shall be filed with the clerk of this court on or before July 8, 2016. Appellant's brief is due to be filed in this court thirty days from the date of the trial court's appointment of new counsel. All other appellate deadlines shall be in accordance with the Texas Rules of Appellate Procedure.

The motion to withdraw is granted; the appeal is abated; and the cause is remanded to the trial court in accordance with this order.

PER CURIAM

June 23, 2016

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

3