# NO. 12-23-00095-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RICKY ALLEN ALBRIGHT,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Ricky Allen Albright appeals his conviction for abandoning or endangering a child.  In a single issue, Appellant contends the evidence is insufficient to support the judgment.  We affirm.

## BACKGROUND

Appellant was charged by indictment with abandoning or endangering a child. Specifically, the State alleged Appellant left a child "unattended inside a vehicle causing her to overheat and causing hyperthermia, and [he] did not voluntarily deliver the child to a designated infant care provider."  Appellant pleaded "not guilty" and waived his right to a jury trial. Ultimately, the trial court found Appellant "guilty" and sentenced him to twenty-one months confinement.  This appeal followed.

## SUFFICIENCY OF THE EVIDENCE

In his sole issue, Appellant urges the evidence is insufficient to support his conviction. Specifically, he alleges the State failed to prove both the necessary culpable mental state and that the child was in imminent danger.

**Standard of Review**

The ***Jackson v. Virginia***[1] legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt. *See **Brooks v. State***, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *See **Jackson***, 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979); *see also **Escobedo v. State***, 6 S.W.3d 1, 6 (Tex. App.–San Antonio 1999, pet. ref'd). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See **Jackson***, 443 U.S. at 320, 99 S. Ct. at 2789; *see also **Johnson v. State***, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is examined in the light most favorable to the verdict. *See **Jackson***, 443 U.S. at 320, 99 S. Ct. at 2789; ***Johnson***, 871 S.W.2d at 186. A jury is free to believe all or any part of a witness's testimony or disbelieve all or any part of that testimony. *See **Lee v. State***, 176 S.W.3d 452, 458 (Tex. App.–Houston [1st Dist.] 2004), *aff'd*, 206 S.W.3d 620 (Tex. Crim. App. 2006). A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. *See **Tibbs v. Florida***, 457 U.S. 31, 41–42, 102 S. Ct. 2211, 2217–18, 72 L. Ed. 2d 652 (1982).

Circumstantial evidence is as probative as direct evidence in establishing guilt, and circumstantial evidence alone can be sufficient to establish guilt. ***Rodriguez v. State***, 521 S.W.3d 822, 827 (Tex. App.–Houston [1st Dist.] 2017, no pet.) (citing ***Sorrells v. State***, 343 S.W.3d 152, 155 (Tex. Crim. App. 2011)). Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *See **Hooper v. State***, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Juries are permitted to draw multiple reasonable inferences as long as each inference is supported by the evidence presented at trial. ***Id***. at 15. Juries are not permitted to come to conclusions based on mere speculation or factually unsupported inferences or presumptions. ***Id***. An inference is a conclusion reached by considering other facts and deducing a logical consequence from them, while speculation is mere theorizing or guessing about the possible meaning of facts and evidence presented. ***Id***. at 16.

---

[1] 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979).

The sufficiency of the evidence is measured against the offense(s) as defined by a hypothetically correct jury charge. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A hypothetically correct jury charge "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant is tried." *Id.*

**Applicable Law**

As pertinent in this case, a person commits an offense if he intentionally, knowingly, recklessly, or with criminal negligence, by act or omission, engages in conduct that places a child younger than fifteen years in imminent danger of death, bodily injury, or physical or mental impairment. TEX. PENAL CODE ANN. § 22.041(c) (West Supp. 2023). A person acts intentionally "when it is his conscious objective or desire to engage in the conduct or cause the result." *Id.* § 6.03(a) (West 2021). A person acts knowingly "when he is aware that his conduct is reasonably certain to cause the result." *Id.* § 6.03(b). A person acts recklessly "when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur." *Id.* § 6.03(c). A person's intent to commit a crime "can be inferred from [his] acts, words, and conduct[.]" *Kelly v. State*, No. 11-19-00331-CR, 2021 WL 5115492, at \*3 (Tex. App.–Eastland Nov. 4, 2021, no pet.) (mem. op., not designated for publication) (citing *Patrick v. State*, 906 S.W.2d 481, 487 (Tex. Crim. App. 1995)).

"Imminent" means "ready to take place, near at hand, impending, hanging threateningly over one's head, menacingly near." *Millslagle v. State*, 81 S.W.3d 895, 898 (Tex. App.—Austin 2002, pet. ref'd) (quoting *Devine v. State*, 786 S.W.2d 268, 270 (Tex. Crim. App. 1989)). "[T]o be imminent for [the purpose] of imposing responsibility pursuant to Penal Code § 22.041(c), the situation must be immediate and actual, not potential or future, at the moment of the act or omission by the defendant." *Newsom v. B.B.*, 306 S.W.3d 910, 918 (Tex. App.—Beaumont 2010, pet. denied). The danger must be imminent at the moment the defendant engages in the conduct. *Id.* Conduct that places a child in a potentially dangerous situation is not sufficient for conviction. *Millslagle*, 81 S.W.3d at 898.

**Analysis**

The evidence at trial showed that the Tyler Police Department received a 9-1-1 call on September 3, 2021, about an unresponsive man lying outside of a car in which a child was

screaming. A recording of the 9-1-1 call was admitted into evidence.

Officer Caleb Westbrook testified that he responded to the call at approximately 7:30 in the evening. When he arrived, Appellant was lying on the ground unresponsive, and a small child was being held by another citizen. Westbrook eventually learned that the child in the vehicle was four years old. Paramedics arrived shortly after Westbrook and treated the child. The vehicle was not running when he arrived, and the front driver's side door was open. The sun set at approximately 7:45, so it was getting dark outside. Westbrook was able to rouse Appellant and began asking him whether he had a medical condition that caused him to pass out. Appellant denied medical attention. According to Westbrook, Appellant's speech was lethargic, he was hard to understand at times. his pupils were not reacting normally, and his actions and emotions were sporadic. As a result, Westbrook believed Appellant was intoxicated. Appellant initially consented to a search of his vehicle but then revoked his consent. After a K-9 conducted an open-air sniff and alerted, Westbrook searched the vehicle and found an empty prescription bottle of methadone and several unopened alcoholic beverages. Appellant was ultimately arrested for public intoxication and abandoning or endangering a child. Westbrook's body camera video was admitted into evidence.

Officer Joshua Allen, who has specialized training in identifying intoxicated persons, was called to assist Westbrook. Appellant's pupils did not respond normally to light, and Allen described Appellant's behavior as "very slow and lethargic . . . with outbursts of erratic being upset . . . then he would all of a sudden just kind of go on the nod and kind of daze out." Appellant also became increasingly angry when questioned about his intoxication. After speaking with Appellant and observing his behavior, Allen opined that Appellant was "intoxicated on some kind of narcotic analgesic." Methadone is one such substance. According to Allen, taking a large amount of methadone would be consistent with Appellant's behavior. Allen also testified that he assisted in the search of Appellant's vehicle. He stated that they found an empty methadone prescription bottle and several unopened containers of pink alcohol. Allen further testified that they found some empty containers inside the vehicle; however, they were not reflected in his report. At one point, Appellant spit and the color of his spit matched the color of the alcohol in the containers. Additionally, an empty container was found at the bottom of an incline approximately fifty feet from the vehicle and the container was also pink. On Allen's body camera video, which was admitted into evidence, Allen commented that it was hotter than

4

100 degrees outside. Although he clarified during his testimony that he was exaggerating, he did testify that it was quite hot outside that day. Allen further testified that it would have been hot inside the vehicle if it was not running.

Thomas Dickey, a paramedic employed with U.T. Health in September 2021, testified that he was dispatched to the scene when the Tyler Police Department requested medical assistance for an unconscious person. When he arrived, Appellant was conscious, awake, alert, and oriented. Thus, he began treating the female child who was "in a little bit of distress in the vehicle." Her temperature was elevated, 99.8 degrees. Because the child did not appear to have any other symptoms, Dickey believed she was overheated. Dickey treated her by placing her in the air-conditioned ambulance and placing ice packs on her to cool her down. He further testified that the child's elevated temperature was caused by her environment. According to Dickey, "children can't thermal regulate like adults can." He stated that he is concerned when a child sweats profusely and cannot control her temperature: "It can cause seizures, respiratory distress, coma, death . . . even at 99 degrees." He was able to get the child's temperature back to normal after approximately fifteen minutes and did not transport her to the hospital.

Appellant argues that the evidence is insufficient to support the required culpable mental state. He urges that his conduct was involuntary because he was on the ground, unconscious, and unresponsive. There is no evidence Appellant's condition resulted from a medical episode. Rather, the evidence supports the conclusion that Appellant was intoxicated. Voluntary intoxication does not constitute a defense to the commission of a crime. TEX. PENAL CODE ANN. § 8.04(a) (West 2021); *Davis v. State*¸ 313 S.W.3d 317, 328-29 (Tex. Crim. App. 2010). Otherwise, a person could avoid criminal responsibility because of his voluntary act in "rendering himself of unsound mind." *Heard v. State*, 887 S.W.2d 94, 98 (Tex. App.—Texarkana 1994, pet. ref'd). Therefore, we reject Appellant's argument that his unconsciousness negates mens rea in this case.

Citing various cases, Appellant further urges that the evidence is insufficient to support a finding that the child was in imminent danger. *See Garcia v. State*, 367 S.W.3d 683, 688-90 (Tex. Crim. App. 2012) (evidence that defendant's infant child was wearing only wet diaper in 58-degree weather, was shivering, and had blue lips, was insufficient to show that child suffered bodily injury or physical impairment, and evidence was insufficient to show that child was in imminent danger of suffering bodily injury or physical impairment); *see also Elder v. State*, 993

5

S.W.2d 229, 230 (Tex. App.—San Antonio 1999, no pet.) (evidence that defendant was living with man on probation for indecency with a child was not sufficient to show defendant placed her daughter in imminent danger when assault occurred seven months after he moved in); *Millslagle*, 81 S.W. 3d at 898 (evidence was insufficient to find that defendant placed his child in imminent danger of death, bodily injury, or physical or mental impairment when he left child alone in vehicle, windows of vehicle were open and there is no evidence that the child was overheated). But the evidence in this case differs from the cases Appellant cites. Here, the evidence at trial showed that the child suffered bodily injury or physical impairment. Her temperature was 99.8 degrees when paramedics arrived, and she was sweating. The paramedic testified that her temperature resulted from her environment and caused concern because children cannot regulate body temperature as well as adults. In addition, the child received medical care to bring her temperature back to normal. Furthermore, the paramedic testified that an overheated child could suffer seizures, respiratory distress, coma, or death if her temperature is not addressed. Based on our review of the evidence, we conclude that a reasonable factfinder could have found beyond a reasonable doubt that Appellant intentionally, knowingly, recklessly, or with criminal negligence, by act or omission, engaged in conduct that placed a child younger than fifteen years in imminent danger of death, bodily injury, or physical or mental impairment. *See* TEX. PENAL CODE ANN. § 22.041(c). Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

GREG NEELEY
Justice

Opinion delivered February 29, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

6



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 29, 2024**

**NO. 12-23-00095-CR**

**RICKY ALLEN ALBRIGHT,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0495-22)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*